121 So.2d 713 (1960)
Louise WALKER, Appellant,
v.
ATLANTIC COASTLINE RAILROAD COMPANY, a Corporation Organized and Existing under the Laws of the State of Virginia, Appellee.
No. C-71.
District Court of Appeal of Florida. First District.
June 21, 1960.
*714 Williams & Owen, Tallahassee, for appellant.
S. Dilworth Clarke, Monticello, and Kurtz, Toole & Martin, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
This appeal from a summary final judgment of dismissal in favor of defendant-appellee is the second appearance of this case in this court.
On the first appeal the railroad company sought review of a final judgment entered in favor of the plaintiff Walker for damages arising out of a railroad crossing collision. The principal point on appeal questioned the sufficiency of the evidence to support the verdict and judgment. After reviewing the facts disclosed by the record, we observed that verdicts rendered in favor of plaintiffs under facts similar to those here presented have been repeatedly held as a matter of law to be contrary to the manifest weight of the evidence and justice of the cause. Since for that reason the judgment was being reversed and the cause remanded for a new trial, we also considered and discussed in our opinion a second assignment of error relating to an instruction given by the court to the jury. We held the instruction to be erroneous in order that a similar charge would not be given by the court on a retrial of the case.[1]
In the proceedings which followed the going down of our mandate a pre-trial conference was held at which counsel for plaintiff announced that the plaintiff could not produce at another trial of the case evidence in addition to that offered at the first trial, whereupon defendant railroad company renewed its motion for summary judgment. Defendant's motion was granted by a summary final judgment which recited that from the law of the case announced by this court in its opinion of reversal it would be the duty of the circuit court to set aside any verdict which might be rendered for *715 plaintiff upon another trial if the evidence at such new trial was substantially the same as the evidence presented at the former trial; that under these circumstances it would be vain and useless to put the parties and the public to the expense of another trial of the case. The cause was accordingly dismissed and the defendant discharged.
On this appeal it is contended by plaintiff that the trial court erred in rendering a summary final judgment in favor of defendant. Such contention is grounded principally upon the theory that under this court's mandate plaintiff was entitled to a new trial as a matter of right, and the trial court erred in depriving her of this right.
The law of this case as decided on the first appeal is that on the basis of the evidence in the record which was adduced by plaintiff on the first trial of the cause plaintiff had failed to prove her entitlement to the relief sought by her complaint. The verdict rendered in plaintiff's favor was held to be contrary to the manifest weight of the evidence and justice of the cause, and to be insufficient as a matter of law to support a judgment based thereon. Questions of law decided on appeal to a court of last resort must govern the case in the trial court throughout subsequent stages of proceedings in that case, and will seldom be reconsidered or reversed even though they appear to have been erroneous. Whatever is once established between the same parties in the same case continues to be the law of the case as long as the facts on which such decision was predicated continue to be the facts in the case.[2]
In the Tampa Electric Company case a judgment rendered in favor of a plaintiff in a personal injury action was reversed by the Supreme Court for the reason that the record disclosed no actionable negligence on the part of the defendant. The cause was accordingly remanded for a new trial. Subsequent to the rendition of the Supreme Court's mandate, the trial court granted defendant's motion for judgment and dismissed the cause without trial. On an appeal from the final judgment of dismissal the Supreme Court reversed in an opinion which held that under the state of the record in that case the appellant, who was plaintiff in the trial court, was entitled to have the case retried by a jury and if he could produce sufficient legal evidence to establish the allegations of his declaration he might recover. The court further held, however, that if on the retrial plaintiff's evidence was substantially as it was on the former trial, then he could not recover because the Supreme Court had definitely determined that such evidence was legally insufficient and in such event it would be the duty of the trial court to instruct a verdict in defendant's favor.[3]
From the foregoing decision it clearly appears that if upon the retrial of a cause which has been reversed by an appellate court because of insufficiency of the evidence to support the verdict and judgment, the evidence on the subsequent trial is substantially the same as that adduced on the original trial, it is the duty of the trial judge to direct a verdict in favor of defendant. In the case now before us for review it affirmatively appears that at the pre-trial conference held subsequent to the rendition of our opinion which fixed the law of the case with respect to the insufficiency of the evidence to support a verdict in plaintiff's favor, the plaintiff announced that she had no additional evidence which could be adduced on a second trial of this cause which would tend to establish liability on the part of defendant, or establish plaintiff's entitlement to the relief sought by her complaint. Under these circumstances we agree with the trial judge that a new trial of the cause would be vain, useless and an unjustified expense both to the parties and the public.
*716 A motion for summary judgment may be granted when it is made to appear from the pleadings, depositions, affidavits or other evidence before the court that there exists no genuine issue of a material fact to be tried by the jury. We are of the view that because of the commendable frankness and candor with which plaintiff admitted her inability to fortify her proof with additional evidence as to defendant's liability, the trial judge was correct in finding the absence of any geniune issue of a material fact to be determined by a jury, and in rendering summary final judgment for defendant. The judgment appealed from is accordingly affirmed.
Affirmed.
STURGIS, J., and SEBRING, H.L., Associate Judge, concur.
NOTES
[1] Atlantic Coastline Railroad Company v. Walker, Fla.App. 1959, 113 So.2d 420.
[2] Lincoln Fire Ins. Co. v. Lilleback et al., 130 Fla. 635, 178 So. 394.
[3] Jones v. Tampa Electric Co., 143 Fla. 693, 197 So. 385.