147 So.2d 1 (1962)
A.L. RUSSO, Petitioner,
v.
Nolan CLARK, Respondent.
No. 31402.
Supreme Court of Florida.
April 4, 1962.
On Rehearing November 2, 1962.
Rehearing Denied December 18, 1962.
Wm. H. Robbinson, of Maguire, Voorhis & Wells, Orlando, for petitioner.
Robert L. Wilson, Isham W. Adams and William W. Judge, Daytona Beach, for respondent.
THOMAS, Justice.
The sole point for determination by this court is the harmony or disharmony between the decision of the District Court of Appeal, Second District, reversing an order of the trial judge granting the motion of *2 the defendant for a new trial and the decisions of this court in the cases of Cloud v. Fallis, Fla., 110 So.2d 669, and Bennett v. Jacksonville Expressway Authority, Fla., 131 So.2d 740.
The jury had awarded the plaintiff a verdict of about $19,000 in an action for damages alleged to have been suffered as a result of an automobile collision for which the defendant was responsible.
The defendant presented his motion for new trial and the judge after hearing oral argument and considering briefs in support of the motion and in opposition to it granted the motion because the verdict was "so grossly excessive as to shock the judicial conscience and indicate that the jury was influenced by passion, prejudice, sympathy or other matters outside the evidence * * *."
The case then went to the District Court of Appeal where the appellant was confronted with the burden of clearly showing that the trial judge had abused the broad discretion accorded him in such instances, Cloud v. Fallis, supra, and with the allied rule that it requires a stronger showing to upset an order granting a motion for new trial than an order denying one. Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905; Archibald v. Wittmer, Fla.App. 1960, 120 So.2d 236.
At the outset the District Court of Appeal observed that there were many opinions holding that a duty was put upon trial courts setting aside verdicts so excessive as to shock the judicial conscience. Then the court shifted to a negative approach by stating that no case had been discovered, however, precluding examination of the record by an appellate court "to determine whether a finding * * * of excessiveness * * * shocking to the judicial conscience amounted to an abuse of discretion constituting reversible error."
The matter seemed to devolve into the condition of the trial judge's conscience and we have already referred, in Bennett v. Jacksonville Expressway Authority, supra, to the difficulty of determining from cold type the condition of a trial judge's conscience. He has the advantage of the same information conveyed by the record and in addition first-hand intelligence coming to him from "his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based [and he] is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached." Cloud v. Fallis, supra.
When the reviewers of the record attempt to pit their appraisal of the trial judge's conscience against their own, they are at a distinct disadvantage and the task is one which they should warily undertake. It is true that such a rule would place in the trial judge the power, of overturning a verdict, which would be well-nigh unassailable when the reason given is the shock to his conscience. But this should be so for the best evidence of the condition of the judge's conscience is the certificate of the judge himself, and if a member of the circuit judiciary bound as he is by his oath of office solemnly states that his conscience is shocked by a verdict, his certificate should prevail over a conclusion reached from the record. It is conceivable that an explanation of his state of conscience might lead to an investigation revealing plain miscalculation or something of the sort by which he had been innocently misled, however, there is nothing here but the bare statement and we think in the face of it, there was no appearance, much less a clear appearance, that the judge was wrong.
Following the comment about the absence of authorities precluding review of the record to gauge the merits of the judge's certificate of shock because of excessiveness of the verdict, the court resorted to the decision in F.P. Sadowski Corporation v. Mow, Fla., 131 So.2d 3, and quoted rather generously from the dissenting opinion, but it is patent from the report of that decision *3 that no opinion was expressed by a majority of the court and it is apodictic that a minority opinion, no matter how highly the author may be regarded by his colleagues, is not precedent or authority binding the court.
Using this opinion as a springboard, the District Court of Appeal came to the positive conclusion that the court could "review the record * * * to determine whether the lower court's grant of a new trial was reversible error." Then the court passed to its own opinion in Price v. Jordan, Fla. App. 1959, 115 So.2d 444, where the circuit judge had ordered a remittitur because of his "difficulty in reconciling the justice of the cause with the verdict of the jury * * *." It was stated in that opinion that the case was not one in which the trial court "granted a new trial unconditionally on the ground that the verdict was contrary to the manifest weight of the evidence." From this very language, and further from the lack of any reference to the effect of the verdict upon the trial judge's conscience, it is obvious that the situation confronting the court was not the same as the one with which we are dealing.
Likewise the decision of the District Court of Appeal, Third District, in Mow v. F.P. Sadowski Corporation, Fla.App. 1960, 122 So.2d 46, next cited by the District Court of Appeal in the instant case, can be of no real support of the opinion under review because in that case the trial judge, though he referred to the verdict as excessive, in his opinion, added that he did not know the extent of the excessiveness. It is plain, therefore, that his conscience had not received any blow and, too, he did not state that the verdict was against the manifest weight of the evidence. The effect of his observation was that he did not agree with the jury but had no fixed idea of the extent of his disagreement.
After a brief review of the testimony, in the present cause, some of it said to be conflicting, the court finally concluded that they did "not see from the evidence adduced below that the jury rendered an excessive verdict" so the order granting the new trial was reversed.
It is clear that the District Court of Appeal reevaluated the testimony matching its judgment, based on the record, against the judgment of the trial court founded not only on the record but on the experience he gained at the trial as well. In such a situation the assertion of the judge should be held to prevail.
We are impelled to the view that the decision collides with those rendered by us in the two cases first cited, therefore, the decision of the District Court of Appeal is quashed.
ROBERTS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.

ON REHEARING GRANTED
PER CURIAM.
We have further considered this cause on rehearing granted, and now recede from the original opinion filed April 4, 1962.
The decision of the district court expressly recognized the well-established rule that an order of a trial judge granting a new trial is entitled to great weight by the reviewing court and should not lightly be overturned. Nevertheless, this Court has consistently held that such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused.[1] If abuse of discretion is apparent from the record,[2] then *4 the order of the trial judge, in an appropriate appellate proceeding, may, and should be, set aside. We do not construe the opinion in Bennett et al. v. Jacksonville Expressway Authority, Fla. 1961, 131 So.2d 740, as overruling this cardinal and well-established rule concerning the power of the appellate courts to review the actions of a trial court in granting a new trial and hereby expressly recede from anything in said opinion which may be construed as holding otherwise.
The able district court judge writing for the court in the decision below very correctly observed that a trial judge's statement that his judicial conscience was shocked by a jury's verdict does not render his order granting a new trial impervious to appellate review and that the validity of such conclusion must be weighed in the light of the disclosures of the record.[3]
Having reached the above conclusions, it is obvious that the district court in its decision here under review has announced a rule consistent with our precedents thereby requiring the conclusion that we are without jurisdiction in the premises and that the writ of certiorari heretofore issued in this cause be and the same is hereby discharged.
DREW, THORNAL, O'CONNELL and CALDWELL, JJ., concur.
ROBERTS, C.J., TERRELL and THOMAS, JJ., dissent and adhere to original opinion of April 4, 1962.
NOTES
[1] The statutory rights of appeal from such rulings, F.S. Sec. 59.04, 59.06, F.S.A., would otherwise be ineffective, resulting in a wholly improper repeal or deprivation of a clear statutory right by operation of a rule of appellate procedure.
[2] The following is a direct quotation from the concluding paragraph of the opinion of the district court questioned in these proceedings:

"We find from a study of the record, to some extent summarized above, that there was a clear showing of abuse of the trial court's discretion in the granting of a new trial in this case * * *."
[3] The following is a direct quotation from the opinion referred to:

"* * * A verdict shocking to the judicial conscience, though varied in scope, seems no greater or less of a general abstraction than an excessive verdict. We do not believe that a recital of both or either in the alternative should alter appellate processes in determining the presence of reversible error vel non.
"We conclude that we can review the record in this cause to determine whether the lower court's grant of a new trial was reversible error."