155 So.2d 814 (1963)
Mary D. COBB, Appellant,
v.
Margaret A. BREW, Appellee.
No. D-437.
District Court of Appeal of Florida. First District.
July 25, 1963.
Rehearing Denied September 12, 1963.
Howell, Kirby, Montgomery & Sands, Daytona Beach, for appellant.
William W. Judge and Isham W. Adams, Daytona Beach, for appellee.
RAWLS, Judge.
Defendant (appellant) Mary D. Cobb appeals from an order by the Circuit Court of *815 Volusia County granting a new trial in this negligence action which arose out of an intersection automobile collision.
The plaintiff (appellee) was riding as a passenger in a station wagon owned and operated by John Roberson.[1] The station wagon was traveling approximately 20-30 miles per hour in an easterly direction as it approached an uncontrolled intersection outside the city limits of Daytona Beach in Volusia County. Roberson was of the opinion that the north-south street was a stop street. Ty Cobb, III, the nineteen year old son of the defendant, while driving in a northerly direction at approximately 30 miles per hour, approached the intersection, and a collision occurred between the two automobiles, from which plaintiff alleged she incurred severe injuries. The lawful speed in the area of the accident was thirty miles per hour. Conflicting testimony was presented as to the action taken by each driver to prevent the occurrence of an accident.
Each party, relying upon certain provisions of Section 317.40, Florida Statutes, F.S.A., claimed liability was established against the other. Plaintiff based her case primarily upon the hypothesis the proofs reflected that the Roberson vehicle, in which she was riding, had pre-empted the intersection, thereupon placing upon Cobb the duty to yield the right-of-way.[2] Defendant submits the proofs show that since her vehicle entered the intersection to the right of the plaintiff, that her car had the right-of-way.[3] Therefore, the result in this case depended upon a question of fact which was resolved by the jury in defendant's favor.
The trial judge, in his order granting a new trial, found that: "(1) The verdict of the jury is contrary to and against the manifest weight of the evidence and does not square with right and justice, and there is reasonable ground to conclude that the jury was deceived as to the force and credibility of the evidence and acted through sympathy, passion, prejudice, mistake or other unlawful cause. (2) The Jury misunderstood or ignored the Court's charge that the defenses of contributory negligence did not apply to plaintiff * * *."
Defendant insists that the facts of this case fall within the scope of the rule laid down in Cloud v. Fallis[4] wherein the Supreme Court stated:
"When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341."
We recognize that in accordance with the foregoing sound principle of law the order of a trial judge granting a new trial is entitled to great weight by the reviewing court and should not be lightly overturned.[5] However, a new trial should be granted only when substantial rights have been so violated as to make it reasonably clear that a fair trial was not had.[6] It is an abuse of discretion to grant a new trial when the verdict finds ample support in the record *816 and no illegal evidence is shown to have gone to the jury and nothing can be accomplished except to have another jury review the cause[7] which is the case as reflected by this record. The Supreme Court has consistently held "* * * that such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused. * * *"[8]
Although we are reluctant to upset the broad and liberal discretion vested in a trial judge in his granting of a new trial,[9] a full and thorough review of this record fails to reveal the essential predicates to support the order. The trial judge in denying defendant's motion for a directed verdict stated the applicable rule when he said: "Now, Mr. Sands (defendant's attorney), I want to give you all the time you want to present this but you are developing an extensive factual situation that I have no jurisdiction over. [Emphasis supplied.] What you are telling me is strictly a matter for the jury * * *." There is a dearth of any evidence going toward "sympathy" or "prejudice" on the part of the jury and the jury resolved the factual situation. The action of the trial judge in granting a new trial on the first ground is a clear abuse of judicial discretion.
Nor is there present in this record competent evidence to support the trial judge's conclusion that "the jury misunderstood or ignored the Court's charge that the defenses of contributory negligence did not apply to plaintiff * * *." As to this ground we adopt Mr. Justice Drew's statement in McAllister Hotel v. Porte:[10]
"The trial judge concluded, as set out in the order granting a new trial * * that the jury arrived at its verdict by mistake and misconceived the issues. From this premise the court then proceeds to the conclusion that * * * the verdict was contrary to the justice of the cause. The conclusion is invalid because the premise upon which it rests is false and based upon pure guesswork and speculation. This is so obvious from the order itself that it requires little discussion. What transpired after the jury returned to the jury room the record does not disclose. It is highly probable that among themselves  they resolved the proposition or, on further discussion, were of the conclusion that such question was of no concern in their ultimate verdict. There is no way to know what transpired in their minds or what their mental processes were in arriving at the questioned verdict. Surely there is no way to determine that they arrived at their verdict by mistake or misconceived the issues. * * * A trial judge may not set aside a verdict upon his mere assumption, as was done in this case, that the verdict was a result of a mistake or that the juror misconceived the issues.
* * * * * *
"The record in this case and the record and decision in its previous appearance in this Court amply support the jury verdict. This being true and no substantial rights of the plaintiff in the trial court having been violated, the action of the trial judge in granting a new trial is a clear abuse of judicial discretion."
The order granting the new trial is reversed and this cause is remanded with instructions to enter a judgment in accordance with the jury verdict.
Reversed and remanded with directions.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] She testified that she was sitting in the back of the station wagon on the tailgate with her back to the driver and was holding a TV set.
[2] Section 317.40(1), Florida Statutes, F.S.A.
[3] Section 317.40(2), Florida Statutes, F.S.A.
[4] Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959).
[5] Russo v. Clark, 147 So.2d 1, 3 (Fla. 1962).
[6] Warner v. Goding, 91 Fla. 260, 107 So. 406, 408 (1926).
[7] Hart v. Held, 149 Fla. 33, 5 So.2d 878, 882 (1941).
[8] Russo v. Clark, supra.
[9] See Cloud v. Fallis, supra.
[10] McAllister Hotel. Inc. v. Porte, 123 So.2d 339, 344 (Fla. 1960).