CARROLL, DONALD K., Acting Chief Judge.
The defendants in a negligence action have appealed from an order entered by the Circuit Court for Columbia County, granting a new trial on the issue of damages on the ground that inadequate damages were awarded in the jury verdict.
The question before us is whether the trial court abused its discretion in granting a new trial on the- sole issue of damages under the circumstances shown in the record.
This action arose from an automobile collision at an intersection near the municipal limits of Lake City in the said county. The evidence at the trial showed that, just prior to entering the intersection, the defendant Bessie Erwin, who was operating the defendants’ car, ran a stop sign and drove their vehicle into the automobile in which the plaintiffs, Mr. and Mrs. Chaney, were riding.
Among the injuries sustained by Mrs. Chaney as a result of the collision, was an injury to her left eye, which, as a result of such injury, had to be surgically removed. She also had to be treated for a fracture of her left arm and for bruises and cuts, all resulting from the said collision. Later she was fitted with an artificial eye, which was a constant source of discomfort, inconvenience, and pain to her. The loss of her left eye was shown to have decreased her distance and depth perception and to have adversely affected her field of vision. Mr. Chaney’s testimony was uncontradicted that he had incurred out-of-pocket expenses of $6,397.50 and would incur future expenses of $11,095 for treatments 'necessitated by the injury to his wife’s eye.
Nevertheless, at the conclusion of the trial the jury brought in a verdict of $10,-000 for Mrs. Chaney and $2,000 for Mr. Chaney.
On motion of the plaintiffs, the trial court granted a new trial on the issue of damages, on the stated grounds that the? verdict is so inadequate as to shock the conscience of the court;’ that the small amounts in the verdict are indicative that the jury “must have been influenced unduly by passion or prejudice, or that it misconceived the evidence or failed to consider essential elements of the damages involved or failed to properly consider and decide the matter of damages, misused the law as charged or otherwise failed to discharge their duty as directed by the Court or may have been influenced by matters outside the record.” Another ground stated in the order, as mentioned above, is that the amount of the award to each plaintiff “is so grossly inadequate as to shock the conscience of this Court.” Other grounds set forth in the order are that there was “no conflict in the evidence of the matter of damages” and that the verdict “is so contrary to the manifest weight and probative force of the evidence and justice of the cause, and contrary to the law governing said cause, the same should not be allowed to stand.”
In the face of these findings by the trial court in its order granting the motion for a new trial, the authority of an appellate court to review such an order is highly circumscribed under a doctrine long established in this state. The leading case, the case most frequently cited for this doctrine, is Cloud v. Fallis, Fla., 110 So.2d 669 (1959), involving an appeal from an order entered in a negligence action granting a new trial principally on the ground that the jury verdict was contrary to “the manifest weight of the evidence.” In its opinion the Supreme Court of Florida reviewed its earlier decisions concerning a trial court’s discretion in the matter of granting new trials and held:
' “When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony *141 the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, [Fla., 51 So.2d 33] supra, Turner v. Frey, [Fla., 81 So.2d 721] supra, Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, [Fla., 98 So.2d 341] supra.
“The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some ‘substantial competent evidence’ supporting the verdict.”
With reference to its earlier decisions the Supreme Court specifically held: “We adhere to the early rule placing in trial courts broad discretion of such firmness that it would not be disturbed except on clear showing of abuse * *
In their brief in this appeal the appellants take cognizance of the Supreme Court’s holding in Cloud v. Fallis, but contend that that court has receded from such holding in subsequent decisions, citing as an example Russo v. Clark, Fla., 147 So.2d 1 (1962). Our perusal of the cases cited and other decisions of the appellate courts in this state leads us to the conclusion that the rules recognized in Cloud v. Fallis are still followed by our courts. In some decisions the courts, while acknowledging those rules as still applicable, have revealed the “other side of the coin” and pointed out that, while a trial court has a broad discretion in ruling upon a motion for a new trial, there still remains an area for appellate review. For example, in Russo v. Clark, Fla., 147 So.2d 1 (1962), in which the trial court had ordered a new trial in an automobile negligence case on the ground that the jury verdict was so grossly excessive as to shock the judicial conscience, the Supreme Court of Florida held in its opinion on rehearing :
“The decision of the district court expressly recognized the well-established rule that an order of a trial judge granting a new trial is entitled to great weight by the reviewing court and should not lightly be overturned. Nevertheless, this Court has consistently held that such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused. If abuse of discretion is apparent from the record, then the order of the trial judge, in an appropriate appellate proceeding, may, and should be, set aside.”
In the present appeal our duty, then, is to apply the above rules recognized by the Supreme Court of Florida in Cloud v. Fallis, supra, as supplemented in later *142 decisions like Russo v. Clark, supra, as above discussed. In accordance therewith we cannot find from the record before us that the trial court abused its broad discretion when it granted a new trial. As a matter of fact, we think that the trial court well used its discretion by ordering a new trial. On the other hand, exercising our authority in the area for appellate review apparently recognized by the Supreme Court of Florida in the above decisions, we think that justice to all parties would be better served by ordering a new trial on all of the issues framed by their pleadings, so we must and do reverse that part of the or'der appealed from restricting the new trial to the issue of damages. The said order is otherwise affirmed.
Affirmed in part and reversed in part.
WIGGINTON and RAWLS, JJ., concur.