JOHNSON, Judge.
This is an appeal from an order setting aside a verdict and judgment and granting a new trial.
The facts are, the appellee’s train goes through a residential section of Duval County, where there are a number of children who play near and on the tracks of ap-pellee. On the occasion in question, several children, including the appellant, Cedric James Cross, a minor, were playing near the track when the appellee’s train came through. The evidence shows that on former occasions the train crew threw candy and chalk to the children playing near the tracks and did so on this day when said minor was injured. The evidence is not too clear as to what actually happened, whether the child was trying to catch a piece of chalk or trying to catch a ride on the train. The only indisputable fact is the child was injured by the train hitting him or running over him.
The trial court in its order granting a new trial, carefully analyzed the testimony of each of the eye witnesses to the accident and determined that the verdict was against the manifest weight of the evidence. We do not think it will serve any good purpose to detail in this opinion the testimony as analyzed by the trial court, but think it sufficient to say that we, too, have reviewed the testimony of the witnesses as contained in the record on appeal and feel compelled to agree with the trial court. There were fourteen grounds contained in the defendant’s (appellee) motion for judgment notwithstanding the jury verdict and for a new trial. The trial court denied the defendant’s motion for judgment, but granted the motion for new trial upon grounds one and thirteen, of the motion, which were as follows :
“1. That the verdict herein is contrary to the evidence.”
“13. That it affirmatively appears that the jury was motivated by passion, prejudice, bias or some other improper motive and/or that the passions of the jury were inflamed by circumstances outside of the evidence in the case and that the verdict of said jury was the product of a complete disregard of the law and the evidence in the case.”
At the trial, the court had directed a verdict for the defendant on the first count of the complaint on the ground that there was no testimony to show that the child was on the track and had been run over by the train. We agree with the trial court on this point and see no error. We do not, however, foreclose the right of the appellant, upon the new trial in this cause, to submit new testimony in support of count one of the complaint.
On the question of denying the motion for Judgment Non Obstante Veredicto, we agree with the trial court. There was sufficient evidence before the jury to support a finding for the plaintiffs.
We hold, however, that the trial court was acting within its broad discretion in granting a new trial, particularly upon ground 13 of the motion therefor. We think the rule in this state on this point, is well settled by the Florida Supreme Court in the case of Cloud v. Fallis, 110 So.2d 669 (Fla.1959), wherein we find the following language:
“When the judge * * * concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial * *
* SjS * * * *
“ * * * such orders * * * would not be overturned in the absence of a *23 ■'clear showing of an abuse of * * * •discretion’ * *
The trial court had an opportunity -to view the witnesses and their demeanor on the witness stand and to observe the expressions of the jurors when listening to -testimony or observing things that might .affect their decision, and having such 'knowledge which is not and can not be portrayed to the appellate court in cold type, in the absence of a clear abuse of discretion, the order will not be disturbed.[1]
A new trial having been granted by the ■trial court, and this court herein affirming such order, the remaining assignments of error as well as the cross assignments of -error need not be further treated herein.
The order appealed is hereby affirmed.
CRAWLS, C. J., and SACK, J., concur.

. Dent v. Margaret Ann Super Market, 52 So.2d 130 (Fla.1951); Geffrey v. Langston Const. Co., 58 So.2d 698 (Fla. 1952).