PER CURIAM.
This is an appeal by the defendant below from an order granting a new trial in a negligence action.
The jury rendered a verdict for the appel-lee in the amount of $1,800, and he filed his motion for a new trial asserting that said verdict was so grossly inadequate as to shock the judicial conscience of the court and further that said verdict was not sufficient to cover plaintiff’s pecuniary losses. The court granted the motion upon a finding that the verdict of the jury “ * * * is so inadequate that it shocks the judicial conscience of the Court and further finds that the Jury did not follow the instructions of the Court on the question of liability and damages * * * ”
Appellant urges as grounds for reversal that the trial court abused its discretion in awarding a new trial because the record discloses that the jury did not disregard the court’s instructions. In the main, the appellant’s argument consists of a showing that the verdict rendered was supported by the evidence adduced at the trial. Proceeding *691 from this basis, appellant further argues that since the jury was free to accept or re-j ect the testimony of the witnesses as to the nature and extent of the damage sustained by the plaintiff, the granting of a new trial constituted an abuse of the trial judge’s discretion.
We do not understand the trial judge’s authority to grant a new trial to be controlled solely by the presence in the record of substantial,' competent evidence to support the verdict. The trial judge’s authority in the premises, although reviewable, Russo v. Clark, 147 So.2d 1 (Fla.1962), is nonetheless within his broad discretion. That such discretion is reviewable does not meant that the discretion does not exist or that it is not broad. In Cloud v. Fallis, Fla., 110 So.2d 669, the Supreme Court noting a confusion about the rule against which to measure the correctness of an order granting a new trial discussed the two most frequently applied rules, the “substantial competent evidence” rule and the “broad discretion” rule and held that the District Court of Appeal correctly applied the latter rule. No useful purpose is to be served by a further review of the cases which seek to discuss the application of the two rules. It is sufficient for our purpose to state merely that it does not seem that the Supreme Court has receded from its holding in Cloud v. Fallis, supra. See Judge Shannon’s discussion of the two rules in Danek v. Hoffman, 189 So.2d 893 (Fla.App.2d 1966).
We have reviewed the record before us and find evidence of permanent injuries to the plaintiff which, though not refuted by the defense, was obviously not heeded by the jury. The court below granted the new trial for the stated reason that its judicial conscience was shocked by the verdict. This one evidentiary factor is enough to lead us to hold that the trial judge’s order stating the reason therefor is not without some basis in this record so that there is no collision with the rule pronounced in Russo v. Clark, supra, relied on by appellant, and the holding herein. We uphold the granting of a new trial as being within the trial judge’s broad judicial discretion.
Affirmed on authority of Cloud v. Fallis, Fla., 110 So.2d 669, and Danek v. Hoffman, 189 So.2d 893 (Fla.App.2d 1966).
CARROLL, DONALD K., Acting Chief Judge, and RAWLS and SPECTOR, JJ., concur.