SPECTOR, Judge.
Plaintiffs in a slip and fall case take an appeal from a summary judgment entered in favor of the defendant.
This is the second appearance made by the case before this court. The first occasion was an appeal by the plaintiffs from an order granting defendant a new trial after a jury had rendered its verdict in the amount of $10,000 for each of the two plaintiffs.
The order for new trial recited the court’s opinion that the plaintiffs had failed to prove by a preponderance of the evidence that paragraph of the complaint alleging that the defendant negligently al-lower water to accumulate on the floor of its building maintained for use by the public with the result that the floor became slippery and dangerous with defendant’s knowledge and further alleging that said condition had existed long enough to be remedied by defendant. Thereupon the trial court granted the new trial on the express ground that the verdict was contrary to the manifest weight of the evidence and further that it would be manifestly unjust for the verdict to stand.
The trial court’s order granting a new trial was affirmed by this court by a memorandum opinion reported in 191 So.2d 434 on the authority of Cloud v. Fallís, 110 So. 2d 669 (Fla.1959).
Subsequent to our affirmance of the order granting a new trial, but before such trial was held, the defendant, appellee here, moved for the entry of a summary judgment, the granting of which forms the basis of the instant appeal. The defendant’s motion was made upon the ground:
“ * * * that the entire Record in this case, including the pleadings, the depositions, the evidence produced at the trial, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law; further upon the ground that after a verdict was rendered on behalf of the plaintiffs the Court granted a new trial upon the ground that the verdict was contrary to the manifest weight of the evidence and it would be manifestly unjust to the Defendant for the verdict to stand. This order granting a new trial was affirmed by the District Court of Appeal, * * (Glisson v. North Florida Telephone Company, 191 So.2d 434.)
After reciting grounds for defendant’s motion as above set out, the trial court observed that at the hearing on the summary judgment motion, it was announced by plaintiffs’ counsel that plaintiffs had no further evidence to offer. In effect, plaintiffs opposed defendant’s motion with the record created in the earlier trial. The court below entered its judgment because of its stated opinion that a new trial on the same evidence would be a useless gesture since if a new trial were held and the same evidence were adduced and permitted to go to a jury and a verdict rendered for the plaintiffs, the court would be compelled to set the verdict aside.
The reasons assigned by the trial judge as the basis for his grant of summary judgment for defendant reflect that it was not grounded on the reason provided in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., that is, a showing by the movant that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. On the contrary, it affirmatively appears that the trial court misconceived the effect of our affirmance of his earlier order granting a new trial.
The sole question presented for determination by this appeal is whether the *27 entire record in a negligence case, including pleadings, depositions, and evidence' produced at the trial leading to a jury verdict for the plaintiffs, supports a summary judgment for defendant because an order granting defendant’s motion for new trial was earlier affirmed by the appellate court. We think not. That a trial court properly granted a party’s motion for new trial is no basis for also granting that party’s motion for summary judgment. The standards upon which each motion rests are clearly distinguishable.
Much broader discretion resides in the trial court in determining whether to grant a new trial than is the case with granting summary judgment. In the instant action, our affirmance of the new trial order did not mean that there was no evidence introduced before the jury in support of plaintiffs’ case. In Cloud v. Fallis, supra, the Supreme Court stated that the “broad discretion” rule is the basis for evaluating the correctness of an order granting a new trial. The “substantial competent evidence” rule was expressly rejected as the standard against which to measure new trial orders. This court in a recent opinion in Spearman Distributing Company v. Boyette, 205 So.2d 690 (Fla.App.1968), noted that there has been no departure in this jurisdiction from the “broad discretion” rule in favor of the more restrictive “substantial competent evidence” rule. • Hence, our affirmance of the new trial order on the ground that the verdict was against the manifest weight of the evidence did not necessarily mean that there was no substantial competent evidence presented to the jury by the plaintiffs at the first trial of this cause.
In the case at bar, defendant’s motion for summary judgment was granted in the face of evidence in the record to the effect that plaintiff, a sixty-four-year-old woman, fell as a small rubber mat or rug onto which she had stepped slipped out from under her when she entered defendant’s premises to pay on her account. It had been raining on the morning of the incident here involved. At the time of the fall, however, the rain had ceased. Plaintiff testified that following the fall she noticed the floor was wet and slick, and her daughter-in-law who had seen her fail also stated that the floor was slippery and wet. There was evidence that the janitor had mopped the area of the fall about an hour and a half before the fall. In view of these evidentiary matters in the record and the reasonable inferences which might be found to rise therefrom, we do not think that the defendant as movant for the summary judgment hereby appealed carried the burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
In support of its contention that our earlier affirmance of the new trial order was sufficient basis for the entry of a summary judgment for the defendant in' light of plaintiffs’ reliance on the record as made through the first trial, appellee cites as authority Walker v. Atlantic Coastline Railroad Company, 121 So.2d 713 (Fla.App. 1st 1960). We think the circumstances of that case are at variance materially from those in the case at bar. In Walker, supra, this court reversed a jury verdict for the plaintiff in a railroad crossing accident because of the insufficiency of the evidence to support the verdict and that as a matter of law the evidence which had been presented to the jury was insufficient to warrant a finding of liability on the part of the defendant railroad company. During a hearing on defendant’s motion for summary judgment, after remand, when the plaintiff announced that she had nothing further to add, the court was faced with what had earlier been held as a matter of law to be insufficient to support a jury verdict. This being the law of that case, the trial judge correctly granted defendant’s motion for summary judgment.
The case at bar, however, was postured differently when it was remanded after affirmance of the new trial order. *28 Here, the law of the case established by our affirmance was not that there was an insufficiency of the evidence to support the verdict. Nor did our affirmance of the new trial stand for the proposition, as did our reversal in Walker, supra, that as a matter of law the defendant was entitled to a verdict. As stated in Cloud v. Fallís, supra, the scope of the trial judge’s authority to grant a new trial is not limited to circumstances where there is no evidence to support the plaintiff’s case.
It appears to us that the trial judge misconstrued the effect of our earlier af-firmance by failing to confine his determination of the defendant’s motion for summary judgment to the classic inquiry in such circumstances; that is, did the defendant show by the record that there existed no genuine issue of material fact to be tried by the jury on retrial of this cause.
Reversed.
WIGGINTON, C. J., and JOHNSON, J., concur.