PER CURIAM.
Plaintiff has appealed an order granting defendant a new trial on the ground that the verdict rendered in plaintiff’s favor is contrary to the manifest weight of the evidence.
Plaintiff sued defendant for personal injuries sustained when a motor vehicle which he was operating was negligently struck by defendant’s switch engine at a railroad crossing in the City of Jacksonville. To the complaint defendant interposed the defenses of general denial and contributory negligence. It was upon the issues thus drawn by these pleadings that the jury rendered its verdict in plaintiff’s favor.
We have carefully reviewed the record before us and find therein a sub *17 stantial basis for the trial court’s conclusion that the verdict is contrary to the manifest weight of the evidence. The order granting a new trial was rendered in the exercise of a sound, broad discretion and will not be disturbed in the absence of a clear showing of abuse. As held by our Supreme Court in Cloud v. Fallis: [1]
“The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some ‘substantial competent evidence’ supporting the verdict.”
The holding in Cloud v. Fallis has been respected and followed by this court in decisions subsequently rendered by it.[2]
In support of his position for reversal of the order appealed, appellant places reliance on the decisions rendered by this court reversing orders granting new trials in the cases of Cobb v. Brew [3] and Dailey v. Hendricks.[4] We are unable to agree with appellant that the record in the case sub judice justifies placing it in the same evidentiary posture as that found to exist in Cobb and Dailey, supra. In those cases an examination of the record failed to disclose any basis which could be said to support the trial court’s order granting a new trial, and the manifest weight of the evidence, if any, in those cases preponderated more strongly in favor of the verdict than against it.
For the foregoing reasons the order appealed is affirmed,
WIGGINTON, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur,

. Cloud v. Fallis, (Fla.1959) 110 So.2d 669, 673.

. Glisson v. North Florida Telephone Company, (Fla.App.1988) 210 So.2d 25; Spearman Distributing Company v. Boyette, (Fla.App.1968) 205 So.2d 690.

. Cobb v. Brew, (Fla.App.1963) 155 So.2d 814.

. Dailey v. Hendricks, (Fla.App.1968) 213 So.2d 600.