PIERCE, Judge.
Appellant William J. Wheeler (hereinafter Wheeler) appeals to this Court from an order of remittitur, or if declined a new *12 trial on damages only, entered by the Sarasota County Circuit Court after trial by jury and verdict in favor of Wheeler and against appellees D. R. Nelson, as Administrator of the Estate of W. C. Nelson, Deceased, (hereinafter Nelson) and Edith Greer (hereinafter Greer).
Wheeler was plaintiff in the Court below and Nelson and Greer were defendants. The verdict awarded Wheeler compensatory damages of $10,000.00 against the defendants jointly, and also punitive damages of $5,000.00 against Nelson and Greer each, or a total of $20,000.00 damages. The remittitur was for “all amounts set forth in the verdict * * * in excess of $3,000.00 compensatory damages jointly and severally against the defendants [Nelson and Greer], and of all amounts set forth in the verdict * * * in excess of $750.00 punitive damages against each of said Defendants.” The order of remittitur provided in effect that if Wheeler would not acquiesce in such remittitur “the verdict shall be set aside and a new trial had on the question of damages only.” Wheeler has elected to appeal directly to this Court, contending that the trial Judge abused his discretion in entering the order. We disagree and affirm. The Judge held that “the amount of the verdict * * * is contrary to the evidence, grossly excessive and shocks the conscience of the Court”.
The suit sought damages for malicious prosecution, arising out of the arrest and incarceration of Wheeler in the County jail over night on a warrant taken out by Greer, acting as an employee of Nelson, charging Wheeler with the alleged crime of obtaining lodging and absconding without paying the bill therefor, with attempt to defraud.
The jury heard all the evidence at the trial and returned a verdict in favor of Wheeler for a total of $20,000.00. The trial Judge likewise heard all the evidence and in effect reduced the award to a total of $4,500.00. The only point here is whether the Judge abused his discretion in reducing the total award that much.
The trial Court has a broad discretion in dealing with jury verdicts upon factual questions as distinguished from questions of law. The order of remittitur comes here with a presumption of correctness. The jury found for Wheeler on the merits of his claim and the trial Court sustained such finding of liability. The record before this Court is ample to sustain such finding. The record is likewise ample to sustain the trial Court’s order granting a new trial if Wheeler was unwilling to accept a reduced award.
A stronger showing is required to reverse an order granting a new trial than to reverse one denying it. Pyms v. Meranda, Fla.1957, 98 So.2d 341; Pemberton v. Keel, Fla.App.1967, 195 So.2d 632; Brown v. Fawcett Publications,Inc., Fla.App.1967, 196 So.2d 465. This is especially true where the order granting a new trial was strictly within the factual area as distinguished from a pure question of law affecting the verdict. Florida Power Corp. v. Smith, Fla.App.1967, 202 So.2d 872; Boutwell v. Bishop, Fla.App.1967, 194 So.2d 3; Collins Fruit Co. v. Giglio, Fla.App. 1966, 184 So.2d 447.
No good purpose would be served in reviewing the evidence. Suffice to say that the record here is sufficient to sustain the order appealed from, and such order is accordingly—
Affirmed.
HOBSON, C. J., and McNULTY, J., concur.