REED, Judge.
The appellants have filed an appeal from orders of the county judge for Broward County, Florida, striking their respective petitions filed in 1968 in the Estate of Nellie E. Rasey, deceased. By their petitions the appellants sought an order confirming in them an interest under the will of Nellie E. Rasey, deceased, in her estate.
Nellie E. Rasey died 16 April 1950 a resident of Florida. Her will was admitted to probate in the County Judge’s Court for Broward County, Florida, on 29 April 1950. On 7 May 1956, the county judge entered an order in the estate holding that the bequests to the appellants under the will of Nellie E. Rasey were invalid under F.S.1951, Section 731.19, F.S.A. This order was appealed to the Circuit Court for Broward County, Florida, and affirmed on 4 October 1957. Certiorari was denied by the Florida District Court of Appeal for the Second District. See In re Estate of Rasey (Syracuse University v. Fox et al), Fla.App.1959, 112 So.2d 83.
When the 1968 petitions were filed by the appellants, the law of the case before the county judge was that the bequests to the appellants under the will of Nellie E. Rasey were invalid under F.S.1951, Section 731.19, F.S.A. This point of law became established as the law of the case when the earlier order of the county judge was affirmed by the circuit court in its appellate capacity and left undisturbed by the District Court of Appeal for the Second District. Once the law of the case was thus established, the trial judge was bound by it throughout the remainder of the cause. Kittel v. Kittel, Fla.1967, 210 So.2d 1; Walker v. Atlantic Coastline Railroad Company, Fla.App.1960, 121 So.2d 713, 715. As we understand the appellants’ petitions, any relief that could have *648 been granted thereunder would of necessity have been inconsistent with the prior order of the county judge holding the bequests to appellants invalid; therefore, the county judge in our opinion had no alternative except to strike or otherwise dismiss the petitions.
Affirmed.
OWEN, J., concurs.
WALDEN, J., concurs in conclusion only.