OWEN, Judge.
In this personal injury action the jury returned a verdict favorable to the defendants. The court granted the plaintiff’s motion for a new trial and defendants have appealed that order.
Plaintiff Canale was riding her bicycle in an easterly direction on the right side of Polk Street in the City of Hollywood, Flori *238 da. Defendant Bullard, driving her automobile on Polk Street in the same direction, overtook and passed to the left of the plaintiff while a short distance to the west of the intersection of 16th Avenue, then at 16th Avenue made a right turn directly across Mrs. Canale’s path. We recite these facts to set the situation. Omitted are the conflicting details as to the respective speeds of the vehicle and the bicycle, the point at which the car overtook the bicycle, their respective locations in reference to the curb and driving lanes, and the manner in which the bicycle collided with the right rear portion of the vehicle.
The order granting the new trial was on the grounds (1) that the court had erred in failing to grant the plaintiff’s motion for directed verdict because the uncontradicted evidence showed conclusively that defendant Bullard was guilty of negligence as a matter of law, (2) that the court had erred in instructing the jury on plaintiff’s contributory negligence as the evidence conclusively showed that the plaintiff was not guilty of contributory negligence as a matter of law, and (3) the jury verdict in favor of the defendants was contrary to the manifest weight and probative force of the evidence.
The order appealed is affirmed on the basis of the third ground stated by the trial court in the order, i. e., on the court’s determination that the verdict was contrary to the manifest weight and probative force of the evidence. The order granting a new trial on this basis is within the exercise of a sound, broad discretion of the trial court, Cloud v. Fallis, Fla.1959, 110 So.2d 669, and should not be disturbed on appeal unless upon an examination of the record there is shown a detectable abuse of judicial discretion. Russo v. Clark, Fla. 1962, 147 So.2d 1. We have examined the record and we conclude that appellants have not met the heavy burden upon them to show an abuse of discretion on the part of the trial court in granting to plaintiff a new trial on this ground. See Hendricks v. Dailey, Fla.1968, 208 So.2d 101.
An order granting a new trial on more than one ground should be affirmed if any single ground in support of the order is upheld and is alone sufficient to sustain the order. Such is the case here in regard to the third ground which we have discussed above. In affirming the order however, we do not approve grounds (1) and (2) as there is in the record some evidence from which the trier of fact could reasonably infer (1) that there was no negligence on the part of defendant Bullard proximately causing a collision, and/or (2) that plaintiff Canale was guilty of some negligence that proximately contributed in an appreciable degree to the collision. See Hendricks v. Dailey, supra; Glisson v. North Florida Telephone Co., Fla.App.1968, 210 So.2d 25.
Affirmed.
CROSS, J., and SALFI, DOMINICK, J., Associate Judge, concur.