261 So.2d 191 (1972)
FLETCHER CO., a Florida Corporation, Appellant,
v.
MELROE MANUFACTURING CO., a Foreign Corporation, and West Florida Equipment Company, a Florida Corporation, Appellees.
No. P-460.
District Court of Appeal of Florida, First District.
April 27, 1972.
Rehearings Denied May 10, 1972.
Gregory, Towles & Beatty, Quincy, for appellant.
J. Lewis Hall of Hall, Hartwell, Michaels & Hall, Tallahassee, Francis P. Conroy, II, and H. Franklin Perritt, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellees.

REVISED OPINION
PER CURIAM.
This is an appeal from a summary judgment in favor of the defendants below.
This is the second appearance of this case in this Court. On the first appeal by *192 appellant herein, the sole contention was that the trial court erred in setting aside the verdict rendered in favor of appellant and granting a new trial. On the basis of the record before us, we affirmed the trial court's new trial order and remanded the case for further proceedings. Fletcher Co. v. Melroe Manufacturing Co., et al., 238 So.2d 142 (Fla.App. 1st, 1970)
Upon the going down of our Mandate, appellee filed a motion for summary judgment on the theory that appellant's evidence adduced at the first trial having been held insufficient to support the verdict in its favor, appellee should not be subjected to a second trial on the same evidence of liability.
To begin with, we are confronted with an affidavit of counsel for Fletcher Co., in support of his motion for a rehearing on the trial court's Order of June 2, 1971, granting a new trial, which affidavit almost closed the door on the plaintiff's case in the event the new trial is had. But the trial court rejected the affidavit in support of plaintiff's motion, as well as the motions for defendants for rehearing, and in substance, thereby reaffirmed its order granting the new trial. We think it appropriate to point out that in the trial court's comprehensive order of June 2, 1971, granting a new trial, the trial court pointed out several possibilities that could have caused the fire, such as the repeated backfiring of the Bobcat indicating the engine was missing fire, or the possibility of the fuel line being ruptured by being forced down against the moving pulley (it should be remembered that the plate had been left off the pulley box by the mechanic of West Florida). The record which we have in this appeal reveals to us that, although not in strict conformity with the order of the lower court entered April 22, 1971, and by not pointing out the possibilities seen by the trial court as causes of the fire, there is an affidavit of counsel for appellant which not only summarized the evidence given at the first trial, but, in our opinion, did include new or additional items tending to substantiate the plaintiff's claims of breach of implied warranty by Melroe or West Florida Equipment Co., as well as the negligence of the defendants in failing to adequately warn or notify plaintiff of the faulty weakness or defect in the machine in question.
The lower court had first found in the first trial that there was not a total lack of evidence tending to show that the fire resulting in plaintiff's loss resulted from a breach of implied warranty by Melroe or West Florida Equipment Co., and, in its order of April 22, 1971, the trial court again mentioned that in denying the defendant's original motions for summary judgment, the court felt that there was some evidence to support the plaintiff's case, but that the evidence submitted tending to prove plaintiff's case was insufficient or the verdict was contrary to the manifest weight of the evidence. This was a finding of the lower court in granting a new trial.
We are now confronted with the question of whether or not the last affidavit of the counsel for Fletcher Co., filed May 10, 1971, pursuant to the trial court's order of April 22, 1971, contained such new or additional allegations relating to the fitness or reliability of the Bobcat, and its failure to properly perform, which could have caused the damage complained of, or was broad enough in the new allegations thereon to permit submission of new witnesses or testimony. In this affidavit there are allegations that the repairs were too excessive for the short time it had been in use; that one item of repair needed was a broken choke cable and drive chain problem; and that the defective choke cable could have resulted in a flooded carburetor causing the fire.
Also, there was evidence that the last repair job was done by a mechanic for West Florida, and that the operator for Fletcher Co. had to wait for the mechanic to finish whatever the repair was before he could go back to work; and that the *193 mechanic of West Florida Equipment had left off the plate on the side of the Bobcat thereby exposing the chain drive. One of plaintiff's claims as to how the fire started was because of the fuel line coming in contact with the chain drive, therefore causing a rupture which in turn caused the gasoline to leak and become ignited. These are instances, inter alia, alleged in the counsel's affidavit which, we think, were sufficient to constitute jury questions and should not have been answered by the trial court by entering a summary judgment, and which had not been brought out in the original trial.
In its order granting summary judgment in favor of appellees, the trial court found that the later affidavit filed by appellant simply contained a summary of the evidence adduced at the first trial and conclusions of law and fact not justified by the evidence. It was concluded that the case was governed by Walker v. Atlantic Coastline R. Co., 121 So.2d 713 (Fla.App. 1st, 1960), and summary judgment was granted in favor of appellees. We do not agree.
When reviewing the propriety of a summary judgment, the classic inquiry is whether or not there remains any genuine issue of material fact. If issues of fact exist and the slightest doubt remains, a summary judgment cannot be granted. And, of course, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Williams v. City of Lake City, et al., 62 So.2d 732 (Fla. 1953). These principles have been reaffirmed so many times by the appellate courts of this State that we feel that we would achieve no useful purpose in reiterating the many citations which do so.
As pointed out in Glisson v. North Florida Telephone Company, 210 So.2d 25 (Fla.App. 1st, 1968), a trial court has much broader discretion in determining whether to grant a new trial than is the case with granting a summary judgment. And, our affirmance of the new trial order did not stand for the proposition that, as a matter of law, the defendants were entitled to a verdict because there was no evidence introduced before the jury in support of plaintiff's case. Indeed, the trial court itself found and stated in both its new trial order and its order preceding summary judgment that there was some evidence to support plaintiff's case.
We must disagree with the trial court's analyses of the last affidavit of counsel for Fletcher Co. and, although it did contain primarily a summary of the evidence adduced at the first trial, we do think and so hold, that the affidavit did contain sufficient new issues to submit to the jury, regardless of whether the plaintiff can substantiate the same or not.
We, therefore, hold that the lower court erred in entering the summary judgment and that the case should be remanded for a new trial on the issues, without the restraint brought about in the first affidavit of counsel for appellant.
Reversed and remanded for a new trial.
CARROLL, DONALD K., Acting C.J., and WIGGINTON and JOHNSON, JJ., concur.