PER CURIAM.
By these consolidated appeals, we are called upon to review the correctness of a trial court’s order granting a motion for new trial on liability and damages, in an automobile negligence action.
Examining this ruling in light of the applicable authorities as to the discretion of a trial judge in entering such an order [Cloud v. Fallis, Fla.1959, 110 So.2d 669; Spearman Distributing Company v. Boyette, Fla.App.1968, 205 So.2d 690; Leggett v. Seaboard Coast Line Railroad Company, Fla.App.1969, 221 So.2d 16], as to the burden of the appellant to upset such an order granting a new trial contrasted with an order denying a new trial [Cloud v. Fallis, supra; Cross v. Atlantic Coast Line Railroad Company, Fla.App.1966, 190 So.2d 21; Wheeler v. Nelson, Fla.App.1969, 229 So.2d 11], we fail to find that the appellant has made error appear in the rendition of the order. Cloud v. Fallis, supra; Pittman v. Smith, Fla.App.1971, 252 So.2d 279; Bullard v. Canale, Fla.App.1972, 260 So.2d 237.
Because this matter must be retried, we make the following observations: Although the trial judge was correct in granting a new trial because of comments made about certain pictures depicting the scene of the accident and reference to certain tire marks shown thereon, we believe that upon a retrial these pictures could be admitted into evidence if a proper predicate is made for same and appropriate cau *528 tionary instructions are given in connection therewith. Further, although the trial judge in the order granting new trial indicated, as one of his grounds, that he had erroneously charged on the statute relative to sounding a horn warning and by the giving of standard jury instruction No. 4.-11, 31 F.S.A., we believe that the charge in reference to the statute was appropriate under the circumstances to be considered by the jury in arriving at its determination of whether or not the driver of the automobile used reasonable care under the circumstances.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.