PER CURIAM.
The defendant appeals an order granting a new trial after a verdict in plaintiff’s favor, where the trial court held the verdict to be inadequate due to a jury finding that the defendant was 75% negligent and the plaintiff 25% negligent. The trial judge stated:
“In light of the Supreme Court’s decision in Cloud v. Fallís, Fla.1959, 110 So. 2d 669, and the other authorities cited in the Plaintiff’s Memorandum of Law dated January 2, 1974, and giving due consideration to the fact that the Court was in a position to make firsthand observations of the jury and the witnesses during the course of the trial, I find that the determination by this jury that the Plaintiff was 25% responsible for the accident is clearly against the manifest weight of the evidence. Indeed, the evidence is overwhelming that the sole cause of this accident was the negligence of the Defendant. The jury verdict cannot stand and a new trial must be and is ordered.”
*418 Our review of the record, in the light of the arguments presented, fails to show an abuse of discretion. See Cloud v. Fallis, Fla.1959, 110 So.2d 669; Lyman v. Fanta, Fla.App.1974, 290 So.2d 527.
Appellant’s remaining point urges error upon the failure of the trial court to grant a new trial as to liability only. This point does not present reversible error under the circumstances of this case.
Affirmed.