335 So.2d 870 (1976)
EGIDI INDUSTRIAL PARK CORPORATION, a Florida Corporation, Appellant,
v.
WIDE OPEN SPACES, INC., a Florida Corporation, and Second National Bank of North Miami, a United States Banking Corporation, Appellees.
EGIDI INDUSTRIAL PARK CORPORATION, a Florida Corporation, Appellant,
v.
WIDE OPEN SPACES, INC., et al., Appellees.
Nos. 75-1615, 75-1816, 76-119 and 76-120.
District Court of Appeal of Florida, Third District.
August 3, 1976.
Leo Greenfield, North Miami, for appellant.
Michael Colodny, North Miami, Jerald I. Rosen, Coral Gables, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
HENDRY, Judge.
Appellant, defendant and cross-claimant below, brings these consolidated appeals from the following three orders of the trial court: (1) an order dated September 25, 1975, granting appellee's Second National Bank of North Miami (Bank), defendant and cross defendant below, motion to dismiss appellant's cross-claim, (2) an order dated December 22, 1975, denying appellant's motion for supersedeas and setting of supersedeas bond, and (3) an order dated December 23, 1975, denying appellant's motion for cancelling and vacation of sale. Further, appellant appeals from an adverse final judgment dated October 24, 1975, in favor of appellee Wide Open Spaces, Inc.
Appellant purchased certain real property from appellee Wide Open Spaces, Inc., by paying cash in the amount of $148,000 and giving a purchase money note and mortgage *871 for the amount of $162,000. Appellee Bank held a junior security interest in the property. Following appellant's default on its debt to appellee Wide Open Spaces, Inc., it filed a foreclosure action on the mortgage, joining appellee Bank as an inferior lien holder.
Appellant's answer to the foreclosure action contained a cross-claim against appellee Bank for, among other things, equitable relief seeking specific performance of an oral agreement, between the Bank and appellant, whereby the Bank was to advance it funds for certain purposes. Among these purposes, were funds to pay the debt to appellee Wide Open Spaces, Inc. Appellee Bank's motion to dismiss the cross-claim was granted and the trial court specifically found that appellant had an adequate remedy at law. It should be noted that appellee Wide Open Spaces, Inc., was not a party to the oral agreement between appellant and appellee Bank.
After a hearing, appellee Wide Open Spaces, Inc., moved for final summary judgment which was granted on October 24, 1976. Subsequently, the trial court denied appellant's motions for supersedeas and setting supersedeas bond and for cancellation and vacation of the foreclosure sale. From these orders and final judgment, appellant appeals.
Appellant contends, basically, that the trial court's orders and final judgment were clearly erroneous and manifestly against the weight of the evidence and the applicable law.
Judgments and orders of the trial court come to this court clothed with a presumption of correctness and the burden of showing error is on the one who asserts it. See, e.g., Fernandez v. Arocha, 308 So.2d 45 (Fla.3d DCA 1975); Leggett v. Seaboard Coast Line R. Co., 221 So.2d 16 (Fla.App.1st DCA 1969); and 2 Fla.Jur., Appeals §§ 314 and 316. In the instant case, we have carefully considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the orders and final judgment appealed are affirmed.
Affirmed.