SHAW, Judge.
Claimant suffered compensable accidents in February of 1978 when the employer was represented by South Carolina Insurance Company, and May of 1979 when the employer was represented by Crawford and Company, a Division of Risk Management. The deputy commissioner found an overall *14 impairment rating of 25% to the body as a whole, which he apportioned as follows: South Carolina Insurance Company 20%, Crawford and Company 5%. He ordered South Carolina to pay claimant permanent partial disability benefits for 70 weeks at $126.00 a week, and Crawford and Company to pay permanent partial disability benefits for 17.5 weeks at the stipulated compensation rate of $130.00. South Carolina appealed the award, and the Division of Risk Management cross-appealed the use of the 350-week schedule provided in section 440.-15(3)(u)(l), Florida Statutes (1978 Supp.), as amended July 1, 1978. We reversed the award as being unsupported by medical evidence and disallowed penalties, but found no merit in the cross-appeal.
Upon remand the deputy reduced the overall physical impairment rating to 20% of the body as a whole and found South Carolina Insurance Company responsible for 52.5 weeks of permanent partial disability benefits at $126.00 per week. Crawford and Company was ordered to pay 17.5 weeks of permanent partial disability benefits at the weekly compensation rate of $130.00. The deputy later amended the latter award by changing the 17.5 weeks to 8.75 weeks. In her appeal from the amended order, the claimant takes the position that the deputy erred in departing from the 350-week schedule in computing the compensation rate. We agree. In both the original hearing and the hearing on remand, the deputy found that the claimant’s overall disability exceeded 10%, 5% of which he apportioned to the Division of Risk Management. Our rejection of the cross-appeal challenging use of the 350-week schedule is binding upon the deputy upon remand. His departure therefrom was error. See Walker v. Atlantic Coastline Railroad Co., 121 So.2d 713 (Fla. 1st DCA 1960). The amend7 ed order of the deputy commissioner is accordingly REVERSED.
MILLS and LARRY G. SMITH, JJ., concur.