McDonald, PARKER LEE, Associate Judge.
This is an appeal by a defendant in whose favor a jury returned a verdict from an order of the trial court granting the plaintiffs a new trial. The sole basis of the Court’s granting a new trial was its conclusion that it had erred in giving a sudden emergency instruction and that it had erred in failing to admit into evidence a purported copy of a docket sheet of a Justice of the Peace Court.
Although the facts are in dispute, the following are the facts in the light most favorable to the defendant. (This is the test to be applied to a successful litigant. Midstate Hauling Company v. Fowler, Fla., 176 So.2d 87: Biltmore Terrace Associates v. Kegan, Fla.App., 130 So.2d 631.) The plaintiff was operating her automobile in an easterly direction on State Road 600, also known as U. S. Highway 92. As she approached an intersecting highway, known as State Road S42, or also known as the County Line Road, her vehicle was being followed by a station wagon driven by one Herbert Burson. Following Mr. Burson was a Chevrolet automobile driven by the defendant. It was raining at this time and the highway was slick. The road was straight and level. This was a two-lane highway and during the events described hereinafter and immediately prior to the occurrence of the accident, there was traffic proceeding in both directions on the highway. The plaintiff, Myra F. Blake, slowed and came to a stop for the purpose of making a left turn to go north on County Line Road. Mr. Burson, traveling at a speed of around 40 miles per hour, passed around the plaintiff’s vehicle on the right. In doing so, he traveled a portion of the shoulder on the south side of U. S. 92.
The defendant describing the occasion at this point stated:
“Well, I was driving along, and it was raining, and the car in front of me, all of a sudden just darted out to the right, on the shoulder of the road, and when he did, I looked and there was a car stopped, just stopped still in the road. Well, I applied my brakes. * * * I stamped on the brake on my car, and it started skidding, and it skidded right in the back end of her.”
The plaintiff and Mr. Burson had testified that Burson’s movement was slow and gradual and not sudden.
The defendant requested a charge on sudden emergency. At the charge conference the trial Judge stated:
“ * * * and I realize that there is a conflict, I think that there is sufficient factual situation for me to give the emergency instruction. * * * ”
He thereafter included in his charges to the jury one on sudden emergency. In the order granting the new trial the trial Judge, after reciting the factual requirements to support an instruction on the sudden emergency doctrine as had been stated in Dupree v. Pitts, Fla.App., 159 So.2d 904, stated:
“This Court is now of the opinion that element number 2 above set forth, namely, ‘that the perilous situation was not created or contributed to by the person confronted, or, as held and stated in many cases, by the tortious act or conduct of such person’ was not sufficiently clear from the evidence to warrant the giving of this instruction. But this Court is of the opinion that the factual situation was such that the case should have been submitted to the jury on the question of negligence and proximate cause without the sudden emergency instruction.”
*175 If there is any competent substantial evidence to support a charge, a party has a right to submit his theory of the case to the jury. Admittedly, in the case at bar, if the testimony of the plaintiff or Mr. Burson were to be accepted by the jury, then there is no predicate for a sudden emergency charge. On the other hand, if the testimony of the defendant is to be believed, it appears to this Court that a sufficient predicate has been laid for the giving of the charge. Whether or not the claimed emergency actually or apparently existed, is a jury question. Whether or not the perilous situation was created or contributed to by the defendant was a jury question. Whether or not an alternative course of action in. meeting the emergency was open to the defendant was a jury question; and whether or not the course of action taken by the defendant was reasonable was a jury question. The trial court in making the finding that the defendant did not create or contribute to the perilous situation was substituting his judgment for that of the jury.
The appellee earnestly contends that the defendant should have anticipated the presence of a stopped vehicle at an intersection of this kind. This may be so, but this too would be something which should be determined by a jury and not by the Court as a matter of law. One could conclude, as apparently this jury did, that Mr. Burson suddenly and without warning cut to the right revealing for the first time a stopped vehicle, which this defendant had no reason to anticipate. She could have applied brakes or attempted to follow Mr. Burson. It does not appear that this factual condition is so different from that which appeared in Klepper v. Breslin, Fla., 83 So. 2d 587, Nabelski v. Turner, Fla.App., 173 So.2d 729, and Midstate Hauling Company v. Fowler, supra, that the charge should not have been given. We conclude that the trial court committed error in reversing his ruling on the granting of this charge.
The second basis in the granting of a new trial is concerned with the rejection of a copy of a docket sheet from the Judge of a Traffic Court, District 20, Hills-borough County. This was on a printed form and charged the defendant with (1) failure to have vehicle under control and (2) failure to present a driver’s license. There appears on this docket printed, the following:
“Plea of Defendant-Guilty.”
The defendant had denied any plea of guilt. The only written notations on the record were the charges, the name of the defendant, the dates and the notation “sentence suspended.” As it was presented to the trial court, it is patent that the docket sheet itself was ambiguous. One looking at it could, and would, form conflicting opinions as to the true status of the record. Although it wasn’t argued to the trial court, it was also obvious that the form of the record did not comply with the provisions of section 92.10, Florida Statutes, F.S.A. At the very least, someone should have testified with knowledge of the record to explain the method of entries. As the record was presented to the trial court, it would have been error to admit it. Under these circumstances, the trial court should not have granted a new trial for its failure to admit into evidence a document which was not in admissible form.
It is therefore the conclusion of this Court that the trial judge committed error in granting a new trial and the order of the trial judge granting the new trial is reversed with instructions to enter judgment on the jury’s verdict for the defendant.
SHANNON, Acting C. J., and LILES, J., concur.