HOBSON, Judge.
This is a timely appeal from an order granting plaintiff’s motion for a new trial.
The factual setting of this cause arose out of a rear-end collision on the Platt Street Bridge in Tampa, Florida. Plaintiff and defendant were proceeding west on Platt Street toward the bridge, with the defendant following the plaintiff. The collision occurred while their automobiles were proceeding up the inclined east approach and were nearing the crest of the bridge.
There were discrepancies in the testimony of defendant and plaintiff regarding the facts leading up to the accident and there are also discrepancies in plaintiff’s testimony on deposition and what he testified to at the time of trial.
The cause was tried by jury and a verdict was returned for the defendant. Within the time allowed, plaintiff served his motion for a new trial, which was granted. The grounds given for granting a new trial were (1) the court erred in charging the jury on the Emergency Doctrine and (2) the verdict of the jury is so contrary as to the manifest weight and probative force of the evidence that the jury acted on consideration other than the evidence. Defendant-appellant assigns each of the above grounds as reversible error.
As to appellant’s second point on appeal we hold that the trial judge must be affirmed on the holding in Cloud v. Fallis, Fla.App.1958, 107 So.2d 264, cert. den. (Fla.1959), 110 So.2d 669. In his opinion discharging the petition for certio-rari, Chief Justice Thomas clarified and settled the issue that a trial judge does not *633 abuse his discretion, in granting a new trial on the ground of a jury verdict being contrary to the manifest weight of the evidence, even though the verdict seems to rest on some substantial competent evidence. There the court said that such motions are granted in the exercise of the trial judge’s sound, broad discretion and that such rulings should not be disturbed on appeal in the absence of a clear showing that this discretion has been abused. In addition, as has been stated many times, the burden is on the appellant to clearly demonstrate error and a stronger showing is required to reverse an order allowing a new trial than one denying it. See Pyms v. Meranda, Fla.1957, 98 So.2d 341. We hold that the appellant has failed to clearly demonstrate an abuse of the trial judge’s discretion and therefore we affirm that portion of the final order appealed.
As to appellant’s first point on appeal, we reverse that portion of the order wherein the court concluded it was error to charge the jury on Sudden Emergency. The record reveals that there was evidence sufficient to show the existence of the requisites necessary for such a charge. The requisite factual requirements to support an instruction on the Sudden Emergency Doctrine are set forth in 80 A.L.R. 2d, §4, p. IS:
“ * * * More specifically, the evidence should be sufficient to support a finding (1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted, or as held or stated in many cases, by the tortious act or conduct of such person; (3) that alternative courses of action in meeting the emergency were open to such person, or that there was an opportunity to take some action to avert the threatened casualty; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or a similar situation. Where there is evidence sufficient to support a finding as to the existence of such requisites, and procedural requirements have been complied with, the instruction should, of course, be given.”
The recent case of Harwell v. Blake, Fla.App.1965, 180 So.2d 173, set forth the proper guidelines for determining under what circumstances the instruction is proper. The Harwell case also involved a rear-end collision wherein the defendant rear-ended plaintiff who had stopped at an intersection, intending to turn left. Like the case sub judice there was also conflicting testimony. Defendant there claimed that he did not see plaintiff’s automobile because of an intervening automobile, driven by Mr. Burson, and that plaintiff’s automobile was revealed for the first time when Mr. Burson suddenly cut to the right and went around plaintiff. Plaintiff and Mr. Burson said that Mr. Burson’s movement to the right was slow and gradual. The trial court instructed the jury on Sudden Emergency and the jury returned a verdict for the defendant. Subsequently the trial court granted a new trial on the ground that the emergency instruction was unwarranted, as was done in the case sub judice.
On the facts set forth above, the appellate court in Harwell, supra, reversed the order granting a new trial, concluding that the instruction on the Emergency Doctrine was proper.
The court said at page 175:
“If there is any competent substantial evidence to support a charge, a party has a right to submit his theory of the case to the jury. Admittedly, in the case at bar, if the testimony of the plaintiff or Mr. Burson were to be accepted by the jury, then there is no predicate for a sudden emergency charge. On the other hand, if the testimony of the defendant is to be believed, it appears to this Court that a sufficient predicate has been laid for the giving of the charge. Whether or not the claimed *634 emergency actually or apparently existed, is a jury question. Whether or not the perilous situation was created or contributed to by the defendant was a jury question. Whether or not an alternative course of action in meeting the emergency was open to the defendant was a jury question; and whether or not the course of action taken by the defendant was reasonable was a jury question. The trial court in making the finding that the defendant did not create or contribute to the perilous situation was substituting his judgment for that of the jury.
“The appellee earnestly contends that the defendant should have anticipated the presence of a stopped vehicle at an intersection of this kind. This may be so, but this too would be something which should be determined by a jury and not by the Court as a matter of law. One could conclude, as apparently this jury did, that Mr. Burson suddenly and without warning cut to the right revealing for the first time a stopped vehicle, which this defendant had no reason to anticipate. She could have applied brakes or attempted to follow Mr. Burson. It does not appear that this factual condition is so different from that which appeared in Klepper v. Breslin, Fla., 83 So.2d 587, Nabelski v. Turner, Fla.App., 173 So.2d 729, and Midstate Hauling Company v. Fowler [Fla., 176 So.2d 87] supra, that the charge should not have been given. We conclude that the trial court committed error in reversing his ruling on the granting of this charge.”
The conflicting testimony in the case sub judice arises out of the testimony of the plaintiff in his deposition which was read at the trial and his subsequent testimony in the trial court. At trial plaintiff testified :
“Q. All right. Did you see the traffic light?
A. Yes, I did.”
On deposition plaintiff said:
“Q. At the time you started to stop for the car ahead of you, could you see the traffic light then ?
A. I don’t believe that I could.”
At trial plaintiff testified:
“Q. In what manner did the cars come to a stop ahead of you?
A. The traffic came to a stop in a normal manner.”
On deposition plaintiff said:
“Q. And was it necessary for you to stop quickly?
A. I stopped rather quickly.
Q. And the car ahead of you stopped quickly ?
A. Yes, and the whole line had stopped abruptly.”
Further, as to an alternative course of conduct, the defendant testified on cross examination as follows:
“Q. Now, when you saw this car, and when you first saw that it was stopped did you try to swerve to your right any?
A. No, sir.
Q. There wasn’t time?
A. I tried to stop.
Q. There wasn’t time to swerve?
A. I don’t know. I doubt if I would have anyway.”
These conflicts were for the jury to resolve. Based upon the entire testimony we conclude that there was sufficient evidence to support an instruction on Sudden Emergency and the giving of said instruction was not error.
Affirmed in part and reversed in part.
LILES, Acting C. J., and PIERCE, J., concur.