CHARLES CARROLL, Chief Judge.
While riding in an automobile allegedly owned by her and her husband, Helen P. Ware was injured when the vehicle was struck from the rear by another automobile. She filed an action against the owner and the operator of the latter vehicle, claiming damages for personal injuries, medical expenses incurred and to be incurred by her, and for loss of value of “her” automobile. Her husband Walter F. Ware joined in the action, claiming damages for the medical expense, loss of consortium and loss of value of “his” automobile.
Trial of the cause resulted in a verdict in favor of the plaintiff Helen P. Ware for $2,477.40, with no amount allowed to the husband. This appeal is from an order subsequently entered by the trial court granting a new trial on damages. The grounds stated in the order were that the verdict was against the manifest weight of the evidence, was so inadequate as to shock the judicial conscience, was induced by passion, prejudice or some misconception of the law or evidence, showed a failure of the jury to consider elements of damages involved and that the jury failed to follow the court’s charges.
We can agree with the contention of the appellants that on the facts of this case the failure to allow damages to the plaintiff husband would not justify the granting of a new trial. This is so because the elements of damage claimed by him, with the exception of loss of consortium, *526 also were claimed by the plaintiff wife and may be considered to have been included in the jury’s award to her. The evidence introduced relating to medical expenses supported the wife’s allegation that she had incurred them. The evidence presented on behalf of the husband as to loss of consortium was only that the wife no longer could accompany the husband on his hunting and fishing trips. Apparently the jury did not choose to attach value to that.
In Cloud v. Fallis, Fla.1959, 110 So.2d 669, it was held that if the trial judge concludes the verdict is against the manifest weight of the evidence it is his duty to grant a new trial, and that he should always do so if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Later, in Bennett v. Jacksonville Expressway Authority, Fla. 1961, 131 So.2d 740, 743, the Supreme Court said: “We stated [in Cloud v. Fallis, supra] that if the trial judge entertained the opinion that the verdict was against the manifest weight of the evidence it was his duty to grant a new trial.” In the instant case the new trial order was grounded in part on the statement of the trial judge that the verdict was contrary to the manifest weight of the evidence and was induced by passion and prejudice. For the reasons outlined in Cloud v. Fallis, supra, in such circumstance the order for new trial should not be disturbed except on clear showing of abuse of the broad discretion enjoyed by the trial court in the entry of such order.
In addition, the trial judge stated in the order that the amount of the verdict was “so inadequate as to shock the judicial conscience of this court,” and we note the degree of conclusiveness which the Supreme Court accorded to such ground of an order granting new trial in Cloud v. Fallis and Bennett v. Jacksonville Expressway Authority, supra. In the present case the record discloses the medical expenses paid or incurred prior to the date of the trial amounted to $877.40, and that the estimated expense for a recommended operation on the plaintiff would amount to between $1,-250 and $1,350; and the injuries received by the plaintiff in this rear end collision were not unsubstantial.
 A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. Pyms v. Meranda, Fla.1957, 98 So.2d 341. We conclude, from examination of the record and briefs, that the appellants have failed to present a clear showing of abuse of discretion in the entry of the order appealed from.
Affirmed.