PER CURIAM.
This appeal is from a final judgment entered on a jury verdict in favor of appel-lees in appellant’s suit for personal injuries. Such injuries were sustained when appellant, two years old at the time, ran into the path of a truck owned by appellee Letsinger and being operated by appellee Fountain. Appellant assigns as error the trial court’s decision to instruct the jury on the Sudden Emergency Doctrine.
An examination of the record discloses that evidence was introduced at the trial which, if believed, made the Sudden Emergency Doctrine applicable. Consequently, it was quite proper for the trial court to give an appropriate instruction thereon. See Midstate Hauling Co. v. Fowler, Fla.1965, 176 So.2d 87, 90; Pemberton v. Keel, Fla.App.1967, 195 So.2d 632, 633-634, cert. denied mem., Fla.1967, 201 So.2d 896; Harwell v. Blake, Fla.App.1965, 180 So.2d 173, 175; Nabelski v. Turner, Fla.App. 1965, 173 So.2d 729, 732, 733, cert. dismissed mem., Fla.1965, 177 So.2d 483; cf. Smith v. Lassing, Fla.App.1966, 189 So.2d 244, 245, cert. denied mem., Fla.1966, 195 So.2d 567. The instruction given was cautiously framed on the condition that the emergency arose without any fault of the driver. The court additionally instructed. the jury that drivers of motor vehicles are charged with knowledge of the behavior of small children and are expected to govern themselves accordingly. These instructions, and others given by the trial *695 court, correctly left to the jury the task of resolving the conflicts in the evidence relating to Fountain’s negligence, upon which the applicability of the Sudden Emergency Doctrine was predicated. See Klepper v. Breslin, Fla.1955, 83 So.2d 587, 589-590. It is not for an appellate court to resolve such conflicts de novo upon a reading of a typewritten transcript. Midstate Hauling Co. v. Fowler, supra, 176 So.2d at 88-89.
The appealed judgment is accordingly affirmed.
Affirmed.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.