216 So.2d 485 (1968)
NATIONAL WESTERN LIFE INSURANCE COMPANY, a Corporation, and Robert L. Moody, Appellants,
v.
David W. WALTERS, Edward N. Moore, and Sarino R. Costanzo, Co-Partners, D/B/a Walters, Moore & Costanzo, Appellees.
No. 68-528.
District Court of Appeal of Florida. Third District.
December 10, 1968.
*486 Street & Greenfield, Miami, for appellants.
Walters, Moore & Costanzo and S. Harvey Ziegler, Miami, for appellees.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellees [plaintiffs] brought a suit in the trial court seeking recovery of attorneys' fees, alleging a quantum meruit cause of action. The cause proceeded to a jury trial and resulted in a verdict for the defendants. Thereafter, the trial judge granted a new trial upon one ground, as follows:
* * *
"* * * that it erred in denying plaintiffs' motion for directed verdict on the issue of liability after the defendants stipulated that they had used the attorney-client privilege to prevent the testimony of one of the plaintiffs in another cause, thereby admitting that the plaintiffs were their attorneys, * * *" * * *
The appellants, who had prevailed in the jury verdict, appeal this order and urge error in its entry.
Ordinarily, a trial judge is given a very broad discretion in granting a new trial. Cloud v. Fallis, Fla. 1959, 110 So.2d 669; Spearman Distributing Company v. Boyette, Fla.App. 1968, 205 So.2d 690; Volk v. Goetz, Fla.App. 1967, 206 So.2d 250. And, it takes a stronger showing to upset an order granting a new trial than it does an order denying a new trial. Pyms v. Meranda, Fla. 1957, 98 So.2d 341; Pemberton v. Keel, Fla.App. 1967, 195 So.2d 632; Miles v. Ware, Fla.App. 1967, 204 So.2d 524, 525. However, when it is apparent from the ground stated in granting a new trial[1] that the trial judge is acting under an erroneous legal assumption, then it is not a question of discretion but a question of the legal sufficiency of the ground or reason given. Ewing v. Miller, Fla.App. 1965, 172 So.2d 889; Nabelski v. Turner, Fla.App. 1965, 173 So.2d 729; Boutwell v. Bishop, Fla.App. 1967, 194 So.2d 3; Florida Power Corporation v. Smith, Fla.App. 1967, 202 So.2d 872.
It is apparent from the order and the record that the trial judge was of the view that the mere invoking of an attorney-client privilege established the right of an attorney to recover a fee. This is not the law. Not every contact with an attorney by a prospective client will result in an attorney-client relationship, warranting the recovery of the fee, although the relationship may be such as to permit the client to invoke the privilege of attorney-client to prevent the attorney from disclosing what has been revealed to him. Keir v. State, 152 Fla. 389, 11 So.2d 886; In Re Dupont's Estate, 60 Cal. App.2d 276, 140 P.2d 866; Taylor v. Sheldon, 172 Ohio St. 118, 173 N.E.2d 892; Evans v. State, 5 Okl. Cr.R. 643, 115 P. 809, 34 L.R.A.,N.S., 577; 8 Wigmore on Evidence (3 Ed.), 587, § 2304. The following is found in the opinion In Re Dupont's Estate, supra:
* * *
"It is the almost universal rule in common-law jurisdictions that `Where a person consults an attorney with a view to employing him professionally, any information acquired by the attorney in the course of interviews or negotiations looking toward such employment is privileged and cannot be disclosed, even though no actual employment of the attorney as such follows, and notwithstanding the attorney may be afterward employed by the adversary of the person who made such communication.' 70 C.J. 406; 8 Wigmore on Evidence, 3rd *487 Ed. (1940) sec. 2304, pp. 587, 588; 5 Chamberlayne, Modern Law of Evidence (1916) sec. 3682, p. 5266; cases collected in notes in 21 Ann.Cas. 217; Ann.Cas. 1913A, 30; and 34 L.R.A.,N.S., 578, 579." * * *
Therefore, for the reasons stated the order here under review be and the same is hereby reversed, with directions to enter a final judgment on the jury verdict in favor of the appellants [defendants in the trial court].
Reversed and remanded with directions.
NOTES
[1] State Road Department v. Mutillo, Fla. App. 1963, 155 So.2d 179; Hall v. American Distributing Corp., Fla.App. 1966, 181 So.2d 711; Travelers Indemnity Company v. Mary Boutique, Inc., Fla.App. 1967, 198 So.2d 343; § 59.07(4), Fla. Stat., F.S.A.; Rule 2.8(f), Florida Rules of Civil Procedure, 31 F.S.A.