LOVE, WILLIAM K., Associate Judge.
Appellant contends error in the trial court’s order granting a new trial in a negligence action.
Appellant contends that the trial court abused its discretion in granting a new trial in a negligence action. The order recited:
“the judicial conscience of this Court was shocked by the verdict of the jury and it is this Court’s reaction that racial prejudice, among other things, entered into the considerations of a member or members of the jury”.
The discretion of the trial judge in granting a new trial is very broad, but is subject to appellate review, and its validity must be weighed in the light of the disclosures of the record. Russo v. Clark, Fla., 147 So.2d 1.
The trial judge is better positioned than any other person to comprehend the processes by which the decision of the jurors is reached. When he has exercised his talents, knowledge and experience and concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do so if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. Such ruling should not be disturbed absent a clear showing that it has been abused. Hodge v. Jacksonville Terminal Co., Fla., 234 So.2d 645.
It is obvious that the Court below found the verdict to be contrary to the manifest weight of the evidence, and that justice required his action.
Having read the record on appeal, we are unable to conclude that there has been any abuse of the discretion of the trial Court, and affirm his order.
PIERCE, C. J., and HOBSON, J., concur.