283 So.2d 60 (1973)
Kenneth CARR, Appellant,
v.
CROSBY BUILDERS SUPPLY COMPANY, INC., a Florida Corporation, et al., Appellees.
No. 72-56.
District Court of Appeal of Florida, Fourth District.
August 29, 1973.
Rehearings Denied October 9, 1973.
*61 Burdick & Daves, West Palm Beach, and Kenneth J. Horton, Lake Worth, for appellant.
John R. Beranek of Jones, Paine & Foster, West Palm Beach, for appellees-Crosby, Thomas and Aetna.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellees-Mayer and Nationwide.
CROSS, Judge.
Appellant-plaintiff, Kenneth Carr, appeals a judgment entered in favor of appellees, Crosby Builders Supply Co., J.C. Thomas, Ronald Mayer, as Administrator of the Estate of Mark Mayer, and their respective *62 insurance companies in an action for the wrongful death of appellant's son. We reverse.
The plaintiff's son, Neal Carr (Neal), was killed in a two-vehicle collision on U.S. Highway # 1 near Fort Pierce, Florida. Neal was riding as a passenger in the right front seat and two other boys, John Eaton and Floyd Roberts, were riding in the rear seat of an automobile being driven by Mark Mayer (Mark). The four boys were returning from Mims, Florida, to West Palm Beach, Florida. They had driven to Mims in two cars, both cars titled in the name of Marvin D. Eaton (Mr. Eaton), the father of John Eaton, to return one of the cars to Mr. Eaton. On the way back from Mims, the boys alternated driving (Neal did not drive as he did not have a driver's license).
While Mark was driving in a light rain at about 65-70 miles per hour in a 65-mile-per-hour zone, a vehicle which he was following suddenly moved from the left or inside lane to the right or outside lane. The vehicle Mark was driving then "rear-ended" a truck owned by Crosby Builders Supply Co. (Crosby), being operated by J.C. Thomas, which was stopped in the median crossover strip, partially blocking the left or inside lane, waiting for an opportunity to make a U-turn. The boys in the front seat, Mark and Neal, were killed instantly.
Suit for damages was subsequently instituted by the plaintiff. The case was tried before a jury. The jury returned a verdict in favor of all defendants and against the plaintiff. Final judgment was then entered for defendants. Plaintiff moved for and was denied a new trial. This appeal followed.
The first point for our determination is whether the trial court erred in determining as a matter of law that Neal Carr was a guest passenger, which determination required plaintiff to prove that Mark was guilty of gross negligence in order to obtain a judgment against Mark's estate.
Florida's "guest statute" § 320.59, Florida Statutes[1] F.S.A., prohibits recovery by one injured in a motor vehicle accident who is a guest or passenger of the owner or operator unless "such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator." The able trial judge correctly applied the dictates of the statute. However, subsequent to the final judgment herein appealed and the filing of the notice of appeal, the "guest statute" was repealed by Fla.Laws 1972, ch. 72-1 § 1.
We must, in reviewing a judgment on direct appeal, dispose of the case according to the law prevailing at the time of the appellate disposition, irrespective of the law prevailing at the time of rendition of the judgment appealed. Florida East Coast Railway Company v. Rouse, 194 So.2d 260 (Fla. 1966). Accordingly, the "guest statute" thus having been repealed, it is only necessary to allege simple negligence against Ronald Mayer, as administrator of the Estate of Mark Mayer to state a cause of action. Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862 (Fla.App. 1973); see also General Capital Corporation v. Tel Service Co., 183 So.2d 1 (Fla.App. 1966).
Appellant contends that the trial court erred in instructing the jury on the defense of assumption of risk. An instruction to the jury on an affirmative defense is proper when requested where sufficient evidence has been introduced from which the jury could lawfully find that the defense has been proven. See, e.g., Harwell v. Blake, 180 So.2d 173 (Fla.App. 1965); Fla. R.Civ.P. 1.470(b); 32 Fla.Jur. Trial § 140, et seq. (1960, Supp. 1973). In the case sub judice, we have carefully examined the testimony relied upon by the appellees to support the instruction[2] on assumption of the *63 risk, and determined that the evidence is insufficient to support the instruction as it is insufficient to show that the plaintiff knew and appreciated the danger. See Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); Jones v. Crews, 204 So.2d 24 (Fla. App. 1967). It was, therefore, error for the trial court to instruct the jury on assumption of risk.
Appellant further contends that the trial court erred in commenting on the evidence in suggesting that the driver of the truck owned by the defendant, Crosby Builders Supply Co., had a right to make a left turn at the crossover where the accident occurred.
The theory of negligence advanced by plaintiff to sustain a recovery against Crosby Builders Supply Co. required a finding by the jury that Crosby's employee negligently permitted the end of the truck to protrude into the left or inside lane of U.S. Highway 1. The comment by the trial judge could have given the jury the impression that the employee-driver did not act negligently by permitting part of his vehicle to remain in the inside traffic lane prior to making the left turn. Thus, under these circumstances, the comment by the trial judge was error.
Accordingly, the final judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
MAGER, J., concurs.
OWEN, C.J., concurs in part; dissents in part.
OWEN, Chief Judge (concurring in part and dissenting in part).
I concur in the view that the court was correct in determining as a matter of law that Neal Carr was a guest passenger under the facts of this case. I likewise concur in the holding that the trial court erred in instructing the jury that the defense of assumption of the risk was available to the defendant-Mayer. Thus, as to this defendant, I agree that the judgment should be reversed and the cause remanded for a new trial.
However, I am utterly dumbfounded by the view that the repeal of the guest statute, F.S. Section 320.59, F.S.A., effective February, 1972, would affect one iota the status of Neal Carr as a "guest passenger" at the time of the accident on September 17, 1969. The repeal of the guest passenger statute has absolutely no bearing on this case, at any stage of the proceedings, whether it be trial originally, or upon appellate consideration, or upon subsequent trial.
I cannot agree that the trial court's comment discussed in the majority opinion, when considered in proper context, could have harmed appellant's case against the defendant-Crosby. As to that defendant and its driver-Thomas, I would affirm the judgment.
NOTES
[1] Fla.Laws 1937, ch. 18033 §§ 1, 2; as codified in § 320.59, Fla. Stat. 1971, repealed Fla.Laws 1972, ch. 72-1 § 1.
[2] Fla. Standard Jury Instr. in Civil Cases, Instr. 3.8 (1967).