HENDRY, Judge.
This is the second appearance of this personal injury case before this court; two separate trials had been held, one on the liability issue and a subsequent trial on damages. We have reviewed and upheld the final judgment in favor of Dames on the liability issue. See Lindgren, Inc. v. Dames, 370 So.2d 471 (Pla. 3d DCA 1979). The subsequent trial on damages resulted in a verdict in favor of Dames in the sum of Two Hundred Dollars ($200.00). Appel-lee/plaintiff filed a motion for a new trial which the trial court granted. The order under review states in pertinent part:
“1. The Court finds the verdict of the jury was grossly and clearly inadequate and contrary to the manifest weight of the evidence.
“2. The Court finds this cause was heard by the jury on the issues of damages only and the Court is of the opinion that the jury did in fact just consider the issue of damages but that its verdict was grossly and clearly inadequate and contrary to the manifest weight of the evidence.
“3. The Court clearly finds that, considering the nature of the injuries sustained by the Plaintiff as a result of the motorcycle/motor vehicular accident, where the primary injury stems from the contact of the body of the Plaintiff sliding along the road, the injuries sustained therefrom graphically described by a registered nurse who observed the conditions shortly after the injury, reasonable men could not have concluded under the testimony before them that an award of $200.00 was reasonable and appropriate or a just verdict.
“4. The Court finds there was extensive testimony about Workmen’s Compensation and other benefits and the jury may well have improperly considered this as a factor.
* ‡ * * * *
“6. The Court finds that it appears that the verdict of $200.00 was a token verdict almost to the point of punishing the Plaintiff for the way he acted in the Courtroom.
“7. The Court finds that the verdict of $200.00 was grossly inadequate and that a, jury of reasonable men could not have reached said verdict.
“8. The Court finds that the verdict of $200.00 could not have been reached by the jury were they not persuaded by some other factors that were outside the scope of the evidence and outside of the Court’s instructions.
“9. The Court finds that the verdict was so grossly inadequate so as to shock the conscience of the Court.
“It is therefore:
“ORDERED AND ADJUDGED that the Plaintiff’s motion be and it is hereby granted and a new trial on the issue of damages be held.”
The record clearly supports the decision of the trial court, and we agree with the appellee that the trial court did not abuse its discretion in setting aside the jury ver- *429 diet and granting a new trial. See Cloud v. Fallís, 110 So.2d 669 (Fla.1959); Pyms v. Meranda, 98 So.2d 341 (Fla.1957); Diaz v. Certified Marine Industries, Inc., 346 So.2d 1211 (Fla. 3d DCA 1977); Hubbard v. Brown, 262 So.2d 267 (Fla. 2d DCA 1972); Miles v. Ware, 204 So.2d 524 (Fla. 3d DCA 1967).
Affirmed.