THREADGILL, Judge.
Appellants, Howard T. Sikora (Sikora) and Practical Housing of Florida, Inc. (Practical), cross-defendants below, appeal the judgment entered on a crossclaim of appellee, Pinebrook Builders, Inc. (Pine-brook) in the amount of $343,767.42. We affirm the judgment.
This case arose from a construction business venture turned sour, initially conceived by four people: Manual Raimi, Roger Schaffer, Howard T. Sikora and Elliott Segal. Sikora was the sole stockholder and officer of Practical. Practical’s function, among other functions, was to act as general contractor for the venture, while Pine-brook was formed by Raimi, Schaffer and Sikora as a vehicle for generating funds, *1168 acquiring property, and constructing homes.
Eventually, disputes arose among Raimi, Schaffer and Sikora resulting in allegations by Schaffer and Raimi that Sikora had withdrawn and misapplied Pinebrook funds being held in a Practical account. A suit was instituted wherein Pinebrook filed a crossclaim and sought, inter alia, compensatory and punitive damages against Siko-ra for breach of fiduciary duty as director of Pinebrook and treble damages for civil theft against Sikora and Practical pursuant to sections 812.005-812.037, Florida Statutes (1983).
Appellants defended on the ground that Pinebrook was the alter ego of the joint venture or partnership among the individuals involved, and that all expenditures and actions of Sikora and Practical were good faith efforts to comply with the terms of the partners’ oral agreement.
During trial the entire history of this venture was related to the jury. At the close of the testimony appellants requested that instructions be given on the law of partnership. Their theory was that Pine-brook was in fact the alter ego of the joint venture and, therefore, the jury should be allowed to “pierce the corporate veil” and find that the entity was in reality a partnership or joint venture. They contended that this theory would lead the jury to find that a suit for accounting would be the appropriate remedy for Raimi and Schaffer to pursue against appellants.
The trial judge refused to give the requested instructions. The jury returned verdicts for Pinebrook and found $114,-589.14 compensatory damages for breach of fiduciary duty and civil theft and $11,500 in punitive damages.
The trial court entered judgment for Pi-nebrook and awarded treble damages plus interest on the civil theft count, punitive damages and attorney’s fees.
Appellants argue that the trial court erred as a matter of law in refusing to instruct the jury on the law of partnership. We disagree. A court must give a requested instruction on a party’s theory of defense where there is sufficient evidence to support that defense. See Carr v. Crosby Builders Supply Co., 283 So.2d 60 (Fla. 4th DCA 1973). Here, appellants’ contention that Pinebrook was a mere instrumentality of the joint venture is contrary to the evidence presented at trial. The record clearly shows that Pinebrook was a validly existing corporation. Even Sikora admitted at trial that he was a shareholder, officer and director of Pinebrook during the time in question. Thus the trial court was correct in refusing to give the instructions on partnership.
Appellants’ reliance on Vantage View Inc. v. Bali East Development Corp., 421 So.2d 728 (Fla. 4th DCA 1982), to support his contention that courts have disregarded the corporate entity and held shareholders liable for claims against the corporation is misplaced. In Vantage View the plaintiffs sought to “pierce the corporate veil” of a subsidiary corporation in order to hold its parent corporation liable for the acts of the subsidiary. An officer and director of a corporation, as Sikora, who avails himself of the benefits of incorporation cannot “pierce the corporate veil” and deny existence of the corporation in an effort to avoid liability for breach of his fiduciary duties. See State v. Barreiro, 432 So.2d 138 (Fla. 3d DCA), petition for review denied, 441 So.2d 631 (Fla.1983).
The jury was instructed that where it clearly appears that the taking of the property was consistent with honest conduct, as where the taker honestly, though mistakenly believes that he has the right to the property, he has not violated the theft statute. Thus appellants were not deprived of this defense instruction, even though the jury apparently did not believe all of Siko-ra’s testimony.
We hold that the trial judge correctly refused to give the instructions on partnership requested by appellants.
We have examined the record and find appellants’ remaining points to be without merit.
*1169 For the reasons cited above, we affirm the judgment.
LEHAN, A.C.J., and SANDERLIN, J., concur.