# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1853
Lower Tribunal No. 21-4932-CA-01
_____

## Universal Property & Casualty Insurance Company,
Appellant,

vs.

## Yunia Alvarez,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Link & Rockenbach, PA, and Kara Rockenbach Link and David A. Noel (West Palm Beach), for appellant.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellee.

Before SCALES, C.J., and GORDO and GOODEN, JJ.

GORDO, J.

Universal Property and Casualty Insurance Company ("Universal") appeals the trial court's entry of final judgment in favor of Yunia Alvarez ("Alvarez") and the denial of its post-trial motions for directed verdict or a new trial. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand for further proceedings.

Alvarez filed suit against Universal for breach of contract arising out of a homeowners insurance claim regarding alleged wind damage to the roof due to Hurricane Eta. Universal raised several affirmative defenses to the suit, including Alvarez's violation of her contractual post-loss obligations.

At the start of trial, the court ruled that the legal presumption of prejudice was inapplicable to all Universal's post-loss obligation defenses except prompt notice. Universal opposed the ruling and continued to object to it at the charge conference.

Universal entered into evidence at trial its document request letter it sent to Alvarez and her attorney during claim adjustment. The letter requested a sworn proof of loss, repair receipts, and proof of repairs from Alvarez's prior 2019 water damage claim. Alvarez testified that she did not provide Universal with the documents, despite admitting she was aware of Universal's request that she provide them. She also confirmed her uncle purchased materials and made repairs to the roof before giving Universal an

2

opportunity to inspect it. Universal's corporate representative testified that the requested documents were never received.

Based on the trial court's ruling, the jury was instructed the presumption of prejudice only applied to Universal's prompt notice defense and none of its other post-loss obligation defenses. The jury returned a verdict in favor of Alvarez and awarded her $20,000.00. After denial of Universal's post-trial motions and entry of final judgment, this appeal followed.

"While a trial court's decision on jury instructions is generally reviewed for abuse of discretion and should not be overturned on appeal absent a showing of prejudicial error, whether a jury instruction represents an accurate statement of law is a legal question reviewed by an appellate court under a de novo standard." Tower Hill Prime Ins. Co. v. Bermudez, 388 So. 3d 165, 170 n.3 (Fla. 3d DCA 2023) (internal quotation marks and citations omitted). "An instruction to the jury on an affirmative defense is proper when requested where sufficient evidence has been introduced from which the jury could lawfully find that the defense has been proven." Carr v. Crosby Builders Supply Co., Inc., 283 So. 2d 60, 62 (Fla. 4th DCA 1973). "A court must give a requested instruction on a party's theory of defense where

there is sufficient evidence to support that defense."  Sikora v. Pinebrook Builders, Inc., 507 So. 2d 1167, 1168 (Fla. 2d DCA 1987).

On appeal, Universal contends the trial court erred by instructing the jury that the presumption of prejudice was inapplicable to all of its post-loss obligation defenses except prompt notice.  We agree.

This Court addressed the issue of which party bears the burden to demonstrate whether the insurer was prejudiced by its insured's material failure to satisfy a post-loss provision in American Integrity Ins. Co. v. Estrada, 276 So. 3d 905 (Fla. 3d DCA 2019).  In Estrada, we held that "when an insurer has alleged, as an affirmative defense to coverage, and thereafter has subsequently established, that an insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer."  Id. at 916.  In reversing the trial court, we instructed, "If American Integrity establishes that Estrada failed to materially satisfy any contractually mandated post-loss obligations, then the burden shifts to Estrada to establish that American Integrity was not prejudiced by Estrada's breach."  Id. at 917 (emphasis added).

4

In the instant case, Universal alleged as an affirmative defense that Alvarez failed to substantially comply with the contractually mandated post-loss obligation. In support of its affirmative defense, Universal provided as evidence the document request letter it sent to Alvarez and her attorney requesting a sworn proof of loss, repair receipts, proof of repairs from Alvarez's prior 2019 water damage claim, and more. Universal's corporate representative testified the requested documents were never received. This evidence was buttressed by Alvarez's own testimony admitting she was aware Universal requested documents and that she did not provide them. She further confirmed that her uncle purchased materials and made repairs to the roof before Universal inspected it. The evidence adduced at trial was sufficient to have required the trial court to instruct the jury on Universal's presumption of prejudice to all its post-loss obligation defenses. See Shivdasani v. Universal Prop. & Cas. Ins. Co., 306 So. 3d 1156, 1161-62 (Fla. 3d DCA 2020) ("[W]hen an insurer has alleged, as an affirmative defense to coverage, and thereafter has subsequently established, that an insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer." (quoting

5

Estrada, 276 So. 3d at 916.)); Nunez v. Universal Prop. & Cas. Ins. Co., 325 So. 3d 267, 273-75 (Fla. 3d DCA 2021) (finding the insured's failure to submit to insurer's requested examination under oath constituted a willful and material breach of the insurance contract post-loss provisions, shifting the burden to insured to prove that insurer was not prejudiced by breach); Dias v. Universal Prop. & Cas. Ins. Co., 330 So. 3d 38, 40 (Fla. 4th DCA 2021) ("[The] insureds provided the sworn proof of loss well prior to the filing of the suit but after the claim had been denied. They also provided significant other documentation. Nevertheless, they did not strictly comply with the policy provisions. Therefore . . . insurer was entitled to the presumption of prejudice." (citation omitted)).

The trial court failed to properly instruct the jury. Instead it instructed the jury that the legal presumption of prejudice was inapplicable to all Universal's post-loss obligation defenses except prompt notice. Because the instruction was an inaccurate statement of the law, the trial court committed reversible error. See Dockswell v. Bethesda Mem'l Hosp., Inc., 210 So. 3d 1201, 1214 (Fla. 2017) ("Reversible error occurs when an instruction is not only an erroneous or incomplete statement of the law, but is also confusing or misleading." (quoting Gross v. Lyons, 721 So. 2d 304, 306 (Fla. 4th DCA 1998))).

Alvarez contends that Universal failed to preserve its argument and waived it by explicit agreement to the jury instruction or through invited error. The transcript belies that argument. Universal only agreed to the jury instructions subject to its objection and claimed renewal of its objection to the trial court's ruling. The trial court also recognized on the record that Universal did not waive its objection. Universal's argument was therefore properly preserved.

We reverse the judgment and remand for a new trial.

Reversed and remanded with instructions.

GOODEN, J., concurs.

SCALES, C.J., concurring.

I concur with the majority that reversal and a new trial is warranted here because the trial court failed to properly instruct the jury on Universal's affirmative defenses with respect to Alvarez's contractual post-loss obligations. See Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905 (Fla. 3d DCA 2019). As the majority points out, this Court's Estrada decision is clear that "for an insurer to successfully establish a coverage defense based upon an insured's failure to satisfy post-loss obligations such that an insured forfeits coverage under a policy, the insurer must plead and prove that the insured has materially breached a post-loss policy provision." Id. at 912. "If the insurer establishes such a material breach by the insured, the burden then shifts to the insured to prove that any breach did not prejudice the insurer." Id.

I write separately simply to note that the jury instruction error was exacerbated here by the jury verdict form's compound question, to which the jury answered "No":

Did Universal prove, by the greater weight of the evidence, that Plaintiff failed to substantially comply with the following post loss duties, such that it prejudiced Universal: a) keep accurate record

of repair expenses b) submit requested documents, or c) submit sworn proof of loss?

The compound nature of the question makes it impossible to determine whether the jury found, as a factual matter, that Alvarez had materially breached her post-loss obligations, or whether, if she did, that Universal had suffered no prejudice.

Because Estrada employs a burden-shifting inquiry, a similar compound question should not be presented to the jury on remand. That is, on the verdict form, the jury should first be asked whether Universal proved, by the greater weight of the evidence, that Alvarez failed to substantially comply with one of her contractual post-loss obligations (i.e., materially breaching the policy). And if the jury answers "yes" to this threshold material breach question, then the jury separately should be asked whether Alvarez proved, by the greater weight of the evidence, that Universal was not prejudiced by Alvarez's failure to comply with her contractual post-loss obligation.